James MacDONALD and Janice MacDonald, Plaintiffs–Appellants,

v.

EASTERN WYOMING MENTAL HEALTH CENTER, a Wyoming non-profit corporation, Eastern Wyoming Mental Health Center Board of Directors, Joe S. Schaid and Jane Stearns, Defendants–Appellees.

No. 90–8069.

United States Court of Appeals, Tenth Circuit.

Aug. 15, 1991.

Jay Dee Schaefer and Suzan C. Pauling of Schaefer and Associates, Laramie, Wyo., for plaintiffs-appellants.

Judith Studer of Schwartz, Bonn, McCrary & Walker, Casper, Wyo., for defendants-appellees.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

James and Janice MacDonald brought this action against the Eastern Wyoming Mental Health Center (Center), its Board of Directors, and two Board employees to obtain relief for the alleged improper termination of their employment at the Center. The MacDonalds asserted claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (1988) (ADEA), and 42 U.S.C. § 1983 (1988), as well as under state law. The district court granted defendants' motion for summary judgment, concluding that the Center was not a state actor for purposes of section 1983 and that the MacDonalds had failed to make out a prima facie case of age discrimination. We affirm, albeit on grounds different from those relied upon below with respect to the ADEA claim.

The MacDonalds, husband and wife, were both employed at the Center from mid–1984 until April 1988, James as a psychologist and Janice as a therapist. At a meeting of the Board on December 14, 1987, James reported what he considered to be unethical practices taking place at the Center. On January 5, 1988, James was advised that he would be put on immediate disciplinary probation for six months due to an undisclosed breach of confidentiality and "other negative community feedback." Rec., vol. I, doc. 22 at ex. C. When he refused to accept the probation, his employment was terminated. The letter informing him of this decision stated several reasons for his discharge: the breach of confidentiality, omissions in his original employment application, "manufactured expense items," and behavior and attitude problems. *Id.* ex. F. Janice was also discharged, allegedly for "verbally restricting professional employees" of the Center, taking leave of absence without notice, and failing to keep scheduled appointments. *Id.* ex. R.

In their complaint, the MacDonalds sought relief under section 1983, alleging that they were unlawfully discharged for exercising their First Amendment right to speak out about unethical Center practices. In addition, Janice claimed infringement of her First Amendment associational rights, alleging that she was discharged because she was married to James. The MacDonalds also asserted a liberty interest deprivation due to the stigma arising from their discharge and their inability to take advantage of other employment. Finally, the MacDonalds contended they were discharged due to age discrimination in violation of the ADEA.

■ The district court granted defendants' motion for summary judgment on the claims under both section 1983 and the ADEA. "In reviewing a grant of summary judgment, we utilize the same standard that the district court employs." *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990). We must view the evidence and any possible inferences most favorably to the nonmoving party to ascertain whether a genuine issue of fact exists.

*Id.* "We review any legal questions de novo." *Id.*

### I.

The district court denied the MacDonalds' claims for relief under section 1983 after concluding that the Center was not a state actor. Section 1983 provides a remedy for federal constitutional and statutory deprivations by a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. Thus, "[t]he ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the state." *Tarabishi v. McAlester Regional Hosp.*, 827 F.2d 648, 651 (10th Cir.1987).

The Center is a private corporation which has contracted with a state agency to provide mental health services. The personnel policies of private contracting agencies such as the Center are regulated by state standards. Moreover, the Center receives the majority of its funding from the state. We have recognized that "power entrusted to the government by the people can ultimately be exercised through nominally private entities, be it through the government's delegation, compulsion, concerted action, or acquiescence." *Gilmore v. Salt Lake Community Action Program*, 710 F.2d 632, 635 (10th Cir.1983). We have further stated that "when these nominally private parties exercise governmental power, they shall not exercise it insulated from constitutional constraints. The problem remains in distinguishing the exercise of governmental power from benign or tangential governmental involvement." *Id.* at 635–36.

 In essence, the MacDonalds argue that the Center should be considered a state actor due to the pervasive state regulation and monitoring of the Center's personnel standards, and its receipt of state funds. However, "governmental funding and regulation of an ostensibly private organization, in the absence of other factors, is insufficient to establish governmental action." *Id.* at 636. Even where such regulation and funding are present, state action will not be found absent evidence of state influence, involvement, or control over the personnel decisions which are the subject of challenge. *See id.; see also Casias v. City of Raton*, 738 F.2d 392, 396 (10th Cir.1984). The MacDonalds have presented no evidence tending to prove that the state was involved in the Center's decision to discharge them. Absent any showing that the state directed, controlled, or influenced this particular personnel decision, we conclude that the MacDonalds have failed to create a fact issue as to the presence of state action. Accordingly, summary judgment for defendants on the section 1983 claims was proper.

### II.

The district court granted defendants' motion for summary judgment on the ADEA claims upon concluding that the MacDonalds had failed to make out a prima facie case of age discrimination. On appeal, the MacDonalds argue that in so doing the district court misapplied the law to the record. As discussed below, we agree that the lower court erred in concluding that no prima facie case had been established. However, we affirm the summary judgment because the record contains no evidence that defendants' actions were a pretext for age discrimination.

We begin by observing that "[t]he ADEA is remedial and humanitarian legislation and should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment." *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260 (10th Cir.1976), *aff'd*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

"Age discrimination may be subtle and even unconscious. Even an employer who knowingly discriminates on the basis of age may leave no written records revealing the forbidden motive and may communicate it orally to no one. When evidence is in existence, it is likely to be under the control of the employer, and the plaintiff may not succeed in turning it up."

*LaMontagne v. American Convenience Prods., Inc.,* 750 F.2d 1405, 1410 (7th Cir. 1984) (citation omitted). ADEA plaintiffs, therefore, may establish discrimination indirectly through the three-part framework applicable to discrimination claims under Title VII and set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. *See Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544, 1547 & n. 1 (10th Cir. 1988).

■ Under the *McDonnell Douglas* test, the plaintiff bears the burden of establishing a prima facie case of discrimination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The Supreme Court has stated that this burden "is not onerous." *See id.* Establishment of a prima facie case creates a presumption of unlawful discrimination that requires a defendant to come forward with evidence of a nondiscriminatory reason for its action. *Id.* at 254–55, 101 S.Ct. at 1094–95. The plaintiff then must have a full and fair opportunity to demonstrate that the defendant's proffered reason was pretextual, which merges with the plaintiff's ultimate burden of proving intentional discrimination. *Id.* at 255–56, 101 S.Ct. at 1094–95.

■ In the context of an age discrimination discharge claim, a plaintiff in this circuit makes out a prima facie case by showing that (1) she was within the protected age group, (2) she was doing satisfactory work, (3) she was discharged, and (4) her position was filled by a younger person. *See Cooper,* 836 F.2d at 1547. Here, the district court concluded that the Mac-Donalds did not satisfy the second prong because they failed to present sufficient evidence that their work was satisfactory. The court recited the Center's proffered reasons for discharge and the MacDonalds' evidence that they had never received unfavorable evaluations or discipline until March 1988, and concluded that the Mac-Donalds had not introduced evidence on which a jury could reasonably find that their work after March 1988 was satisfactory. The court thus required the Mac-Donalds to disprove the reasons given for their discharge in order to establish a prima facie case.

■ To begin with, the court erred in giving dispositive weight to its conclusion that the MacDonalds failed to disprove defendants' reasons for discharge. "[A] plaintiff need not prove that the reasons offered by the defendant are false if [she or he] proves that age was also a reason, and that age was the factor that made a difference." *EEOC v. Prudential Fed. Sav. & Loan Ass'n,* 763 F.2d 1166, 1170 (10th Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985); *see also Cockrell v. Boise Cascade Corp.,* 781 F.2d 173, 179 (10th Cir.1986). Moreover, concluding that the MacDonalds did not establish a prima facie case based on the reasons for their discharge raises serious problems under the *McDonnell Douglas* analysis, which mandates a full and fair opportunity for a plaintiff to demonstrate pretext. Short-circuiting the analysis at the prima facie stage frustrates a plaintiff's ability to establish that the defendant's proffered reasons were pretextual and/or that age was the determining factor; if a plaintiff's failure to overcome the reasons offered by the defendant for discharge defeats the plaintiff's prima facie case, the court is then not required to consider plaintiff's evidence on these critical issues.

Although circuits have addressed this problem in various ways, the common thread running through all the decisions is the courts' refusal to consider a defendant's proffered reasons for discharge in assessing the existence of a prima facie case. For example, in *Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503 (5th Cir.1988), as here, the employer's argument that the plaintiff was not qualified was supported by the reasons offered for his discharge. In rejecting this argument, the court stated that "[p]lacing a plaintiff's 'qualifications' in issue at both the prima facie case and pretext stages of a termination case is an unnecessary redundancy." *Id.* at 1505. Instead, the court held that "a plaintiff challenging his termination or demotion can ordinarily establish a prima fa-

cie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action." *Id.* at 1506. The court noted that this showing would be satisfied if the "plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired." *Id.* n. 3. Once such a showing is made, "[t]he lines of battle may then be drawn over the employer's articulated reason for its action and whether that reason is a pretext for age discrimination." *Id.* at 1506.

The Third Circuit has likewise rejected a defendant's attempt to defeat a plaintiff's prima facie case by articulating its reasons for the discharge. "This argument ... goes to the issue of whether the defendants have demonstrated a legitimate business reason for the discharge and whether [the plaintiff] can demonstrate that this reason is pretextual, not to the initial question of whether [the plaintiff] made out a *prima facie* case." *Siegel v. Alpha Wire Corp.*, 894 F.2d 50, 54 (3d Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990).

In the Seventh Circuit, a determination that an employee's job performance is satisfactory, "when made in the context of a prima facie case, may be based solely upon the employee's testimony concerning the quality of his work." *Williams v. Williams Elecs., Inc.*, 856 F.2d 920, 923 n. 6 (7th Cir.1988); *see also Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 n. 7 (7th Cir.1988); *Yarbrough v. Tower Oldsmobile, Inc.*, 789 F.2d 508, 512 (7th Cir. 1986) (race discrimination claim under 42 U.S.C. § 1981). Like the courts in *Bienkowski* and *Siegel*, the Seventh Circuit has rejected a defendant's attempt to use the reason for discharge to defeat a prima facie case. The court pointed out that the defendant's argument

"overlooks the role of establishing a prima facie case in the sequence of proof involved in a discriminatory discharge case. Proof of a prima facie case does no more than entitle the plaintiff to an inference of discrimination; it is not equivalent to a factual finding to that effect. [The plaintiff's] testimony that the general quality of his work was satisfactory is sufficient to establish that he met the legitimate expectations of his employer, and hence, to satisfy that element of the prima facie case. The burden then shifted to [the defendant] to rebut the inference of discrimination by articulating a legitimate, nondiscriminatory explanation for discharging [the plaintiff]. *Such an explanation is not, however, appropriately brought as a challenge to the sufficiency of [the plaintiff's] prima facie case.*"

*Yarbrough*, 789 F.2d at 512 (emphasis added) (citations omitted).[1]

The Eleventh Circuit has taken a different route to arrive at the same result and has modified the *McDonnell Douglas* test in discharge cases to simply eliminate the prong requiring proof of a plaintiff's qualification for the job. *See, e.g., Young v. General Foods Corp.*, 840 F.2d 825, 829 n. 3 (11th Cir.1988), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989); *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1495 n. 2 (11th Cir. 1987); *Pace v. Southern Ry. System*, 701 F.2d 1383, 1386 & n. 7 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983). "The reason for this modification is that in cases where a plaintiff has held a position for a significant period of time, qualification for that position sufficient to satisfy the test of a prima facie case can be inferred." *Rosenfield*, 827 F.2d at 1495 n. 2; *see also Stanfield v. Answering Serv., Inc.*, 867 F.2d 1290, 1293–94 (11th Cir.1989). As have the courts we discussed above, the Eleventh Circuit has insisted that a defendant's rea-

---

**1.** The First Circuit also allows a plaintiff to establish a prima facie case by adducing some credible evidence that her work was adequate to meet her employer's legitimate expectations, even when that evidence is hotly contested by the defendant. *See, e.g., Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1335 (1st Cir.1988); *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 760 (1st Cir.1988).

sons for discharge be assessed at the pretext stage rather than in determining the existence of a prima facie case. *See Young,* 840 F.2d at 830 n. 3 (focus of inquiry not on whether plaintiff performing job adequately but whether employer's dissatisfaction real or pretextual); *Rosenfield,* 827 F.2d at 1495 n. 2 ("any disagreement between parties regarding whether a particular plaintiff was adequately performing his job would be brought out at the stage of the proceedings when the defendant articulates legitimate reasons for the discharge and the plaintiff shoulders his burden of proving that the reasons are pretextual").

Although this circuit has incorporated a showing of satisfactory work performance into the prima facie case of an ADEA discharge claim, *see Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990); *Cooper,* 836 F.2d at 1547, we have never specifically articulated the manner in which a plaintiff may establish this element. Our actual practice in these cases, however, has been in conformity with that of the courts discussed above. Thus, in *Cooper* we held that the plaintiff had established a prima facie case of satisfactory job performance despite conflicting evidence offered by the defendant of work rules violations and a poor attitude toward management. *See* 836 F.2d at 1547–48; *cf. Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1542 (10th Cir.1987) (plaintiff made prima facie case of discriminatory failure to promote despite defendant's vigorous dispute as to qualifications). In *Merrick,* we did not assess the defendant's reasons for discharge in the context of the establishment of a prima facie case, addressing them instead on the issue of pretext. *See* 911 F.2d at 430; *cf. Lucas v. Dover Corp., Norris Div.,* 857 F.2d 1397, 1401 n. 8 (10th Cir.1988) (exigencies present in reduction-in-force cases best analyzed at stage where employer puts on evidence of nondiscriminatory reason rather than at stage of prima facie case).

█ In setting out the evidence that suffices to meet this prong of a plaintiff's prima facie case, we are guided by the practice of this and other circuits, as well as by the principle that the prima facie case was " 'never intended to be rigid, mechanized, or ritualistic,' " *Smith v. General Scanning, Inc.,* 876 F.2d 1315, 1319 (7th Cir.1989) (quoting *United States Postal Serv. v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983)), particularly in an age discrimination case, *see Pace,* 701 F.2d at 1387. Accordingly, we conclude that a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, *see Bienkowski,* 851 F.2d at 1506 & n. 3, or by her own testimony that her work was satisfactory, even when disputed by her employer, *see Yarbrough,* 789 F.2d at 512; *Kale,* 861 F.2d at 760, or by evidence that she had held her position for a significant period of time, *see Rosenfield,* 827 F.2d at 1495 n. 2.

█ The MacDonalds clearly have met that burden here. Both of them continued to possess the objective professional qualifications they held when they were hired. Indeed James MacDonald presented evidence that he had testified as an expert witness numerous times. Both plaintiffs had held their positions for four years and both presented evidence that they had never been disciplined or received unfavorable performance reviews until recently. Both described the satisfactory nature of their work performance. We therefore conclude that the MacDonalds have met their burden at the prima facie level of showing satisfactory job performance.

█ Nevertheless, a plaintiff who succeeds in establishing a prima facie case does not automatically survive a motion for summary judgment. *See Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1570 (7th Cir.1989); *Pace,* 701 F.2d at 1391; *see also Haglof v. Northwest Rehabilitation, Inc.,* 910 F.2d 492, 495–97 (8th Cir.1990) (Stuart, J., concurring). The court "must still make a judgment as to whether the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plain-

tiff." *Palucki*, 879 F.2d at 1570. Our review of the record in this somewhat unusual case convinces us that the Mac-Donalds have failed to raise a fact issue on whether defendants' proffered reasons for discharge were a pretext for age discrimination. While the MacDonalds may have created a genuine question as to whether the proffered reasons were the real reasons for their discharge, they have offered no credible evidence that the real reason was age discrimination. To the contrary, assuming the proffered reasons were pretextual, the only reasonable inference to be drawn from this record is that defendants were motivated not by age discrimination but by the desire to retaliate against the MacDonalds for criticizing Center practices. Indeed, that is the thrust of the Mac-Donalds' argument with respect to their section 1983 claims. Accordingly, we conclude that the MacDonalds, despite their presentation of a prima facie case, have failed to present evidence of age discrimination sufficient to withstand defendants' motion for summary judgment.

AFFIRMED.

SETH, Circuit Judge, writing separately:

I feel that I must write a separate opinion as this case presents part of an ongoing and unfinished resolution of summary judgments in ADEA cases by the trial courts. There is an interaction of doctrines in cases decided on summary judgment motions in ADEA actions as in the one before us. This consists of the application of doctrines as to the sequence and burden of going forward with the proof, as derived from *McDonnell Douglas*, mixed with the Federal Rules of Civil Procedure as to the burdens placed on the movant and the nonmovant in summary judgment cases as construed by *Celotex, Liberty Lobby* and *Matsushita Elec.*, and encouraged by those cases. The courts are apparently now placed in an era when summary judgments in these cases have become respectable.

In this appeal, in my view, we should start where the trial judge started, that is, with the whole evidence package before us.

This was, of course, placed before the trial judge at one time in the summary judgment proceedings.

In ADEA cases, no matter whether tried or submitted on a summary judgment motion, it is obvious that the ultimate question is whether age was a determining factor in the employer's decision. *Lucas v. Dover Corp.*, 857 F.2d 1397 (10th Cir.). When all the proof is in, again whether tried or heard on motion, the steps, the burdens of going forward, the sequence and whether a prima facie case was established, are history. The trial court is then faced only with an ultimate decision no matter how the basic issue got there. We are in the same position. Thus when all the evidence the parties wanted is in, at once an analysis by the *McDonnell* sequence has little meaning, and the prima facie threshold has little or no significance. Instead, the proceedings are then like all other summary judgment actions.

The Supreme Court in *U.S. Postal Service Bd. of Govs. v. Aikens*, 460 U.S. 711, 715–16, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 a Title VII case, stated:

"The prima facie case method established in *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817,] was 'never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.' *Furnco* [*Construction Corp. v. Waters*, 438 U.S. 567,] at 577 [98 S.Ct. 2943, 2949, 57 L.Ed.2d 957]. Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant. The district court has before it all the evidence it needs to decide whether 'the defendant intentionally discriminated against the plaintiff.' [*Texas Dept. of Community Affairs v.*] *Burdine*, [450 U.S. 248,] at 253 [101 S.Ct. at 1093].

"On the state of the record at the close of the evidence, the District Court in this case should have proceeded to this specific question directly, just as district courts

decide disputed questions of fact in other civil litigation."

The Court in a footnote noted that the plaintiff must have an adequate opportunity to show pretext as to the reasons advanced by defendant.

The Court in *U.S. Postal Service* also said:

"But when the defendant fails to persuade the district court to dismiss the action for lack of a prima facie case, and responds to the plaintiff's proof by offering evidence of the reason for the plaintiff's rejection, the factfinder must then decide whether the rejection was discriminatory within the meaning of Title VII. At this stage, the *McDonnell–Burdine* presumption 'drops from the case,' 450 U.S. at 255, n. 10 [101 S.Ct. at 1095, n. 10], and 'the factual inquiry proceeds to a new level of specificity.' *Id.*, at 255 [101 S.Ct. at 1094]....

....

"... There will seldom be 'eyewitness' testimony as to the employer's mental processes. But none of this means that trial courts or reviewing courts should treat discrimination differently from other ultimate questions of fact. Nor should they make their inquiry even more difficult by applying legal rules which were devised to govern 'the basic allocation of burdens and order of presentation of proof,' *Burdine*, 450 U.S., at 252 [101 S.Ct. at 1093], in deciding this ultimate question."

460 U.S. at 714–16, 103 S.Ct. at 1481–82 (footnotes omitted).

This must be so in a summary judgment case. In this case, as might be expected in all summary judgment cases, the evidence was submitted by both parties pretty much as one package. There was no restriction on the submission of evidence on the summary judgment motion. It was easy for all parties to provide what they thought necessary or useful. There is no sequence of proof as contemplated by *McDonnell Douglas*, and it was not possible to construct a sequence of proof as would be present in a case actually tried.

The trial court in the case before us did not decide the case on any of the preliminary procedural requirements. The trial court decided the ultimate issue on all the evidence.

"There is an absence of evidence to support plaintiffs' claims of age discrimination, and defendants' motion for summary judgment on that claim is therefore GRANTED."

The conclusion reached was on a basic element of plaintiffs' case, which was the same issue advanced by the employer as the reason for termination—whether the work was satisfactory. This sameness of issue does not demonstrate that plaintiffs were in any way hindered in presenting their case on the motion.

In my view, the Rules of Civil Procedure and the doctrines developed under the Rules prevail in these circumstances, and the trial court proceedings must be analyzed accordingly. With the evidence of both sides telescoped in time under the summary judgment procedure, it would seem to serve no useful purpose to separately examine the sequence of burdens had the case been tried.

Summary judgments in these circumstances have not been in disfavor since the Supreme Court decided in 1986 *Celotex Corp., Anderson v. Liberty Lobby,* and *Matsushita Elec.* 1986 was the year of the summary judgment. Perhaps most significant was *Matsushita* wherein the Court in substance held that this question should be put: considering all the evidence submitted, would a rational trier of fact find for the non-movant. This necessarily required the non-movant to have met a greater burden in opposition to the motion. This burden was certainly not met by the plaintiffs in the case before us.

The trial court was thus correct in finding the failure was complete as to plaintiffs' evidence of age discrimination.

I agree fully with the conclusion reached by the majority to affirm.