946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laurence HILLHOUSE, Plaintiff-Appellant,
v.
SWO ACQUISITION CORPORATION, a/k/a Homeland Stores, Inc.,
Defendant-Appellee.
 No. 91-6168.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Laurence Hillhouse brought this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. (1988), against his former employer, SWO Acquisition Corp., a/k/a Homeland Stores. Hillhouse alleged in his complaint that his discharge was due to illegal age discrimination. The district court granted Homeland's motion for summary judgment, holding that Hillhouse had not raised a fact question on one element of his prima facie case, and in the alternative that he had failed to rebut legitimate nondiscriminatory reasons offered by Homeland for its action. On appeal, Hillhouse challenges the lower court's rulings on the prima facie case and on pretext. He also asserts that the court abused its discretion by denying his motion to extend discovery deadlines. We affirm.
 
 
 3
 At the time the events at issue took place, Hillhouse was fifty-six years old. The undisputed facts reveal that Hillhouse, who was the manager of a grocery store in Blackwell, Oklahoma, was demoted to assistant manager and offered a job in that position at a store in Ponca City, Oklahoma, approximately nineteen miles from Blackwell. Hillhouse was told to take a week of vacation to think it over, and that he could have additional time if necessary. Two weeks later, when the manager of the Ponca City store called to ask when Hillhouse would be coming to work, Hillhouse had not come to a decision and replied he did not know. Two weeks after that, when called by his supervisor, Hillhouse stated that he was still undecided. Two months after his demotion, when Hillhouse still had not contacted anyone from Homeland or requested additional time, his employment was terminated.
 
 
 4
 "The framework for assessing the evidence in an age discrimination case parallels that applicable in a Title VII case." Spulak v. K Mart Corp., 894 F.2d 1150, 1153 (10th Cir.1990). A plaintiff must first establish a prima facie case. The burden of production then shifts to the defendant to show a legitimate, nondiscriminatory reason for its action. The ultimate burden of proof remains with the plaintiff, who may meet the defendant's proffered reasons directly with evidence of discrimination or indirectly with evidence that the defendant's reason was a mere pretext for discrimination. Id. at 1153-54.
 
 
 5
 In this circuit, a plaintiff makes out a prima facie case by showing that (1) he was within the protected age group, (2) he was doing satisfactory work, (3) he was discharged, and (4) he was replaced by a younger person. See MacDonald v. Eastern Wyoming Mental Health Center, 941 F.2d 1115, 1119-21 (10th Cir.1991); Spulak, 894 F.2d at 1153. Here, the district court concluded that Hillhouse did not satisfy the third prong because he did not present sufficient evidence that he was discharged.
 
 
 6
 A plaintiff who is not formally discharged by his employer may nonetheless satisfy the third prong under the theory of constructive discharge. This theory requires evidence that an " 'employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign.' " Spulak, 894 F.2d at 1154 (quoting Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir.1986)). "A finding of constructive discharge is supported by evidence that an employee has resigned, rather than waiting to be fired, because of unreasonably harsh conditions that have been applied to him in a discriminatory fashion." Id. at 1154. Although Hillhouse asserts on appeal that he was constructively discharged, he made no such specific claim below. Even construing the record as asserting a claim based on constructive discharge, however, the evidence arguably relevant to such a claim is simply not sufficient to raise a fact issue under the standard set out above.
 
 
 7
 The district court alternatively ruled that, assuming Hillhouse made out a prima facie case, Homeland articulated a legitimate nondiscriminatory reason for the decision to discharge him, which Hillhouse failed to rebut. We agree. Hillhouse presented no evidence that Homeland's decision to terminate his employment after he failed to accept the Ponca City position for two months was pretextual.[1]
 
 
 8
 Hillhouse also challenges the district court's refusal to extend discovery deadlines. A district court has "wide discretion in handling discovery and pretrial matters." Smith v. Ford Motor Co., 626 F.2d 784, 794 (10th Cir.1980), cert. denied, 450 U.S. 918 (1981). A court also has discretion in applying local rules. See Hernandez v. George, 793 F.2d 264, 266 (10th Cir.1986). We have carefully reviewed the record in this case and we find no abuse of discretion arising from the court's denial of Hillhouse's motion upon concluding that he had not complied with the applicable local rule.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Even assuming that the record tends to show a discriminatory motive underlying Hillhouse's demotion, his complaint challenges only his discharge