**Edward A. MONTGOMERY, Sr., Plaintiff,**

v.

**Andrew H. CARD, Jr., Secretary of the United States Department of Transportation, Defendant.**

Civ. A. No. 90–2352–L.

United States District Court, D. Kansas.

July 9, 1992.

Charles A. Dixon, Kansas City, Kan., for plaintiff.

Edward A. Montgomery, Sr., pro se.

Janice M. Karlin, Office of U.S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The plaintiff alleges that he was denied a promotion in 1985 (1) because of his African–American race and (2) in retaliation for protected activity. The matter is currently before the court on the defendant's motion for summary judgment (Doc. # 20). After considering the briefs filed by the parties and listening to oral argument,

the court concludes that the defendant is entitled to summary judgment and therefore grants the motion.

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

The following facts are uncontroverted for the purposes of this motion.[1] Plaintiff, an African–American male, was an employee of the United States Department of Transportation in the Kansas City area. He claims that he was not promoted to a position for which he was qualified in 1985 because of his race and because he had engaged in activities in the past that are protected by Title VII. Specifically, plaintiff had filed a race discrimination claim against the Department of Transportation in 1963 which was resolved in favor of the defendant; he had testified on behalf of another African–American employee in a discrimination case in 1978; and he had acted as an equal employment opportunity (EEO) officer for several years. A white employee was ultimately chosen for the position for which plaintiff applied.

In 1985 plaintiff sought a promotion to the position of telecommunications specialist with the Federal Aviation Administration (FAA). He was deemed qualified for the position by the FAA's Employment Branch on the basis of his numerical score on a race neutral rating guide for the position. His name was one of five submitted to Mr. William Watson, the individual supervisor responsible for making the final promotion decision, for consideration. Mr. Watson made his decision based upon the candidates' employment applications, their most recent performance appraisals, and a telephone interview. The plaintiff was not chosen for the position.

*I. Failure to Promote Because of Race*

■ Under the familiar standards established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the plaintiff in a Title VII disparate treatment case has the initial burden of establishing a prima facie case of discrimination. If the plaintiff meets this threshold requirement, the burden shifts to the defendant to come forward with a legitimate, nondiscriminatory reason for the employment action taken. "The plaintiff then must have a full and fair opportunity to demonstrate that the defendant's proffered reason was pretextual, which merges with plaintiff's ultimate burden of proving intentional discrimination." *MacDonald v. Eastern Wyoming Mental Health Center,* 941 F.2d 1115, 1119 (10th Cir.1991).

To establish a prima facie case of discrimination for failure to promote, the plaintiff "must show that [he] applied for an available position for which [he] was qualified but that [he] was rejected under circumstances which give rise to an inference of unlawful discrimination." *Simmons v. Security Benefit Group, Inc.,* No. 87–4225–S, slip op. at 18, 1991 WL 17681

---

**1.** As part of its motion for summary judgment, defendant properly set forth a statement of material facts as to which it claims no genuine issue exist. Plaintiff did not specifically controvert or respond to defendant's statements of fact numbers one through twenty-one, twenty-six, and twenty-seven. Those facts are therefore deemed admitted pursuant to D.Kan. Rule 206(c).

(D.Kan. Jan. 31, 1991) (1991 U.S.Dist. LEXIS 1664) (Saffels, J); *Payne v. General Motors Corp.*, 731 F.Supp. 1465, 1470 (D.Kan.1990), *aff'd without opinion*, 943 F.2d 57 (10th Cir.1991). Defendant claims that plaintiff is unable to show that he was denied a promotion under circumstances that give rise to an inference of unlawful discrimination.

Plaintiff contends that he was passed over for promotions for eleven years, raising an inference of unlawful discrimination. Defendant counters that, although plaintiff may have been passed over for promotions on several occasions, the person who received the promotion at issue, a white individual, had been passed over for fourteen years before he received this promotion. Thus, according to the defendant, white employees were not treated any differently than African–American employees.

■ Even if the plaintiff is able to prove a prima facie case of discrimination, defendant has articulated a facially legitimate, nondiscriminatory reason for its action. Defendant claims that the individual promoted was objectively (based upon the neutral evaluation prepared by the Employment Branch of the FAA) more qualified for the position, and he was also subjectively (based upon the interview performed by Watson) more qualified. The individual selected received 98.0 rating points by the Employment Branch, while plaintiff received 79.5 points. (*See* Defendant's Statement of Fact No. 12).

Reading the facts in the record in the light most favorable to the plaintiff, the court is unable to discern any credible evidence that the defendant's articulated reason for its action is a pretext for intentional discrimination. The plaintiff's mere speculation that his race was a factor in the defendant's decision not to promote him is insufficient to raise a fact question on the issue of pretext. *Branson v. Price River Coal Co.*, 853 F.2d 768, 771–72 (10th Cir. 1988); *Johnson v. Mast Advertising & Publishing, Inc.*, No. 90–2451–L, slip op. at 10 (D.Kan. Feb. 10, 1992) (1992 WL 41352). The defendant is entitled to summary judgment on this claim.

## II. Failure to Promote as Retaliation for Protected Activity

■ Plaintiff also claims that he was passed over for promotion in retaliation for his participation in activities protected by Title VII. To establish a prima facie case of retaliation, plaintiff must show (1) that he participated in a Title VII proceeding or other protected activity; (2) adverse action by the employer after or during this participation; and (3) a causal connection between the employer's action and the plaintiff's participation. *Boyd v. Telecable of Overland Park, Inc.*, 752 F.Supp. 388, 394 (D.Kan.1990). Defendant claims that plaintiff cannot show element three of the prima facie requirement because (i) his own complaint against the defendant was made twenty-two years before the failure to promote now challenged, and (ii) his testimony for the other employee occurred seven years before the failure to promote.

Defendant fails to address the fact that plaintiff had also been engaging in protected activity as an EEO officer more recently. The court concludes that the plaintiff has come forward with sufficient facts to state a prima facie case of retaliation. This finding, however, does not end the court's inquiry. The defendant has articulated a legitimate, nondiscriminatory reason for refusing to promote the plaintiff in 1985. The burden therefore shifts to the plaintiff to establish pretext.

Plaintiff points to the affidavits of two of his former coworkers as evidence that the defendant intentionally discriminated against him because of his prior protected activities. These affidavits, however, offer no concrete examples to support this claim. They merely set forth the beliefs of the affiants that the plaintiff was discriminated against. In addition, the plaintiff claims that Mr. Watson, the individual who made the promotion decision, knew when he made the decision that plaintiff had filed a claim against the defendant and that plaintiff had testified on behalf of another employee against the defendant in the past. Mr. Watson denies such knowledge.

It is uncontroverted, however, that Mr. Watson was not involved in the plaintiff's allegation of discrimination in 1963 or the claim of discrimination in 1978 in which the plaintiff was a witness. There is no evidence linking Mr. Watson or the 1985 decision not to promote the plaintiff to any of the plaintiff's prior protected activities. There is no evidence that anyone in the FAA or the Department of Transportation bore a grudge against the plaintiff for his prior involvement in Title VII proceedings. *See Archuleta v. Colorado Dept. of Institutions*, 936 F.2d 483, 487–88 (10th Cir. 1991). In sum, the plaintiff has failed to come forward with evidence, direct or circumstantial, indicating that the defendant refused to promote him in retaliation for his involvement in protected activity. Because the plaintiff has not met his burden of showing pretext, summary judgment must be granted in favor of the defendant. *MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115, 1121–22 (10th Cir.1991); *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir.1988).

It is therefore ordered by the court that the defendant's motion for summary judgment (Doc. # 20) is granted. Plaintiff's case is dismissed on the merits.

IT IS SO ORDERED.