16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Miguel ROMERO, Plaintiff-Appellant,
v.
REYNOLDS METAL COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 92-2029.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals pro se from a summary judgment entered in favor of his employer in this Title VII action for discrimination on the basis of national origin. Plaintiff, at various times a maintenance trainee, cashier operator, and convenience center buyer for a metal recycling facility, claims he was denied promotion to the position of plant manager because he is Hispanic. His employer asserts that he was not selected because, unlike the person ultimately offered the position, he had no supervisory experience. The district court held as a matter of law that plaintiff's established lack of supervisory experience undercut both his prima facie case of discrimination and his rebuttal of the legitimate, nondiscriminatory rationale for the action taken by his employer.
 
 
 4
 We review this determination de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). While we view the record in a light most favorable to the party opposing summary judgment, plaintiff "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof," id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Guided by these principles, we affirm.
 
 
 5
 On appeal, plaintiff raises three issues for review: (1) were plaintiff's eight years of experience in recycling given any consideration?; (2) were any of the self-development programs taken by plaintiff given any consideration?; and (3) was the employer's policy to promote from within overlooked? See Opening Brief at v. None of these issues relate in a direct way to the dispositive question of discrimination decided by the district court. Whatever plaintiff's general experience, his training on particular plant matters, or his employer's in-house promotional policies, plaintiff does not dispute that the plant manager position required supervisory skills and he lacked supervisory experience. This difficulty is compounded by the absence of any argument tying the designated issues to the challenged ruling. Indeed, the body of plaintiff's appellate brief consists simply of forty-four pages of documents, many dehors the record. Even if this documentation were properly before us, it is not this court's function or responsibility to sift through materials submitted in bulk to determine whether there exists some evidence to support the position of a party opposing summary judgment. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024-25 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir.1992).
 
 
 6
 This appeal may be resolved without probing the distinction between establishing the plaintiff's job qualifications for purposes of a prima facie case and rebutting an employer's evidence of the plaintiff's lack of qualifications. See generally Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1469-70 (10th Cir.1992)(applying distinction drawn in MacDonald v. Eastern Wyoming Mental Health Center, 941 F.2d 1115, 1119, 1121 (10th Cir.1991), to failure-to-promote case). Here, it is either admitted or uncontroverted[2] that the position sought has substantial supervisory responsibilities, see Appellee's Supp.App. at 27-28, 32-35, 41, that plaintiff lacked supervisory experience, see id. at 29, 38-43, and that the person selected for the position did have considerable supervisory experience, see id. at 29-30, 52-58. Thus, summary judgment was appropriate at either the prima facie case or rebuttal stage of the analysis. Accordingly, we affirm the district court's determination for substantially the reasons stated in its Memorandum Opinion of December 28, 1992.
 
 
 7
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We concur in the district court's conclusions regarding the admissibility of the evidence submitted by plaintiff. See Appellee's Supp.App. at 97-98