Shane DUFFEE, minor, By and Through guardian and next friend, Rose THORNTON, Plaintiff,

v.

MURRAY OHIO MANUFACTURING CO.; Walmart Stores, Inc.; and Shimano American, Inc., Defendants.

No. 94–4022–SAC.

United States District Court, D. Kansas.

Jan. 26, 1995.

Mark W. Works, Works, Works & Works, P.A., Topeka, KS, for plaintiff.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Murray Ohio Mfg. Co., Walmart Stores, Inc.

David E. Larson, Melody L. Nashan, Watson & Marshall, L.C., Kansas City, MO, for Shimano American, Inc.

## MEMORANDUM AND ORDER

CROW, District Judge.

This product liability case comes before the court on two motions.[1] The plaintiff moves for summary judgment on his failure to warn claim. (Dk. 68). The defendants Murray Ohio Manufacturing Co. ("Murray") and Walmart Stores, Inc. ("Walmart") move to strike the statement of Chris Duffee. (Dk. 84).

On February 21, 1992, at approximately 6:50 p.m., the plaintiff, Shane Duffee, an eleven-year old boy, was riding home on his bicycle. Shane was going downhill and did not stop at the stop sign before the intersec-

tion. At some point, Shane applied his coaster brakes and his rear tire was skidding. As his skidding bicycle continued through the intersection, Shane was struck on the left side by the right front bumper of a moving car. Shane alleges he suffered serious injuries including a head injury and brain damage as a result of this accident.

In December of 1991, Shane's father, Chris Duffee, purchased the Murray BMX 20″ bicycle for Shane from a Walmart store in Sedalia, Missouri. The brake on the bicycle was manufactured by the defendant Shimano American Inc. ("Shimano"). Shane had used the bicycle for approximately two months before the accident. Shane alleges, *inter alia*, the defendants Murray and WalMart failed to provide him with an instruction booklet and "failed to warn of the dangerous propensities of such bicycles." (Dk. 129 at p. 5).

## Motion to Strike

■ Murray and Walmart move to strike the transcribed sworn statement of Chris Duffee as neither an affidavit nor a deposition sufficient for consideration under Rule 56. Specifically, the defendants say it is not a deposition because they did not receive notice as required by Rule 30(b) of the Federal Rules of Civil Procedure. Alternatively, they say it is not an affidavit within the meaning of Rule 56(c) or *State v. Knight*, 219 Kan. 863, 549 P.2d 1397 (1976).[2] The plaintiff disagrees.

The plaintiff's counsel, apparently after the defendant Shimano cancelled the scheduled deposition of Chris Duffee, sent an interrogator to take a statement from Chris Duffee. Chris was duly sworn to tell the truth by a shorthand reporter. Defense counsel were not notified of this interrogation and were not present when the statement was taken. The reporter transcribed the interrogator's questions and Chris' answers. The shorthand reporter, but not Chris, signed the transcript.

---

1. The joint motions of defendant Murray Ohio Manufacturing Co. and Walmart Stores, Inc. for partial summary judgment on the failure to warn claim (Dk. 83) and for summary judgment (Dk. 136) on the remaining claims will be addressed later in a separate order.

2. To say the least, the defendants' citation of a state court decision as authority on a question of federal court procedure is interesting. Moreover, the facts in *Knight* bear little resemblance to the instant case. Unlike here, the so-called affidavit in *Knight* was not sworn or affirmed.

The forms of evidence mentioned in Rule 56—affidavits, pleadings, depositions, answers to interrogatories and admissions on file—are not the exclusive ways for presenting evidence in a Rule 56 proceeding. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2721 at 40 (1983). "The cases indicate that there are a variety of materials not expressly mentioned in Rule 56 that a federal court may consider on a summary judgment motion." 10A *Federal Practice and Procedure* § 2724 at 73. Cases have recognized statements, like Chris Duffee's, to be proper Rule 56(c) material.

The Ninth Circuit in *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323–24 (9th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 460, 121 L.Ed.2d 369 (1992), held the trial court properly considered an unsigned, transcript of a witness's statement given under oath. For precedent, the Ninth Circuit looked to two of its own decisions. In *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir.1981), the court held that depositions where the defendants were denied the opportunity to cross-examine the deponents were still the substantial equivalent of a Rule 56(c) affidavit. In *In re Sunset Bay Associates*, 944 F.2d 1503, 1510 (9th Cir.1991), it was held that a witness's sworn statement given in a question and answer format, without cross-examination or the witness's signature was still admissible under Rule 56(c). "Because there is no reason to believe that the sworn answers to questions are less reliable than an affidavit, to the extent that the content of the deposition testimony is otherwise admissible, that testimony should be admissible on summary judgment." *Id.* at 1510. Because Chris Duffee's statement was sworn and transcribed by a certified shorthand reporter, his statement is at least as reliable as an affidavit. *See Curnow*, 952 F.2d at 324. The court denies the defendants' motion to strike.

**Plaintiff's Motion for Summary Judgment**

A court grants a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. The court is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The initial burden is with the movant to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). If this burden is met, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case." *Martin v. Nannie and Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993) (citations omitted). The court views the evidence and draws any possible inferences in the light most favorable to the non-moving party. *MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115, 1117 (10th Cir.1991). A summary judgment motion does not empower a court to act as the jury and determine witness credibility, weigh the evidence, or choose between competing inferences. *Windon Third Oil and Gas v. Federal Deposit Ins.*, 805 F.2d 342, 346 (10th Cir.1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987).

The plaintiff maintains he is entitled to summary judgment on his failure to warn claim if he can show the following facts are uncontroverted: (1) that neither he nor his father or mother received an instruction booklet or warning about the bicycle's brake system, and (2) that the plaintiff's injuries are "attribute[d] ... to the braking system of the bicycle plaintiff was injured upon." (Dk. 69 at 2).

In his motion, the plaintiff limits his discussion of product liability law to a single quotation of one paragraph from a Pattern Instruction for Kansas (PIK Civil 2d) 13.05. This instruction does embody general Kansas law on when a manufacturer has a duty to warn users about a product's danger. Contrary to what the plaintiff may believe, it is not self-evident to this court how this general

law applied to the skeletal facts furnished in his motion supports entering judgment as a matter of law. The motion does not disclose the risk or danger of the bicycle that should have been the subject of a warning. The motion does not attempt to show that the defendant anticipated or should have reasonably anticipated that a user could be injured by that risk or danger without an adequate warning. Most importantly, the motion utterly fails to show that the absence of a certain warning was the proximate cause of all or some of his injuries. The court denies this motion simply because the plaintiff did not carry his initial burden in moving for summary judgment.

IT IS THEREFORE ORDERED that the defendants' motion to strike (Dk. 84) Chris Duffee's statement is denied;

IT IS FURTHER ORDERED that the plaintiffs' motion for summary judgment (Dk. 68) is denied.