67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vicki POOLE, Plaintiff-Appellant,
v.
W.P. MILLING COMPANY, INC., Defendant-Appellee.
 No. 94-7166.
 United States Court of Appeals, Tenth Circuit.
 Sept. 12, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Vicki Poole appeals the order of the district court granting summary judgment for defendant on Ms. Poole's Title VII and Equal Pay Act claims and then declining to retain jurisdiction over her remaining state law claims. We affirm.
 
 
 3
 We have thoroughly reviewed the briefs and the entire record in this case. We have considered the Supreme Court's decision in McKennon v. Nashville Banner Publishing Co., 115 S.Ct. 879 (1995), and we have therefore discounted that portion of the magistrate judge's decision below that applied Summers v. State Farm Mutual Auto. Ins. Co., 864 F.2d 700 (10th Cir.1988). Nevertheless, we are not persuaded that the magistrate judge erred in granting summary judgment for defendant on Ms. Poole's Title VII and Equal Pay Act claims and in thereafter dismissing Ms. Poole's pendant state law claims.
 
 
 4
 Even if we agree with Ms. Poole that there is a fact issue on this record as to whether an accounting degree was required for her position as Controller, we do not see how she can get around her deposition admission that she was incompetent at preparing cash flow statements, Aplt.App. at 72, and that she was "[p]robably not" qualified by experience or education to be a controller at this mill, id. at 75. Although a prima facie case is usually easy to prove in a Title VII case, see MacDonald v. Eastern Wyoming Mental Health Center, 941 F.2d 1115, 1119-21 (10th Cir.1991), in the unique circumstances here we believe the district court correctly held that Ms. Poole failed to meet her burden. Moreover, defendant clearly offered a legitimate reason for Ms. Poole's discharge, and she failed to raise a fact issue as to pretext. The alleged statement by Mr. Guy constituted inadmissible hearsay, see Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1555 (10th Cir.1995), and in any event Ms. Poole failed to produce evidence that there was any causal connection between the alleged comment and her termination, see Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir.1990), cert. denied, 113 S.Ct. 302 (1992).
 
 
 5
 With respect to Ms. Poole's Equal Pay Act claim, we affirm substantially for the reasons given by the magistrate judge in his Order. Because Ms. Poole's federal claims were properly dismissed, the district court was within its discretion in declining to retain jurisdiction over the remaining state law claims.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470