Paul LIGON, Jr., Titus (Joe) Tines and Don White

v.

TRIANGLE PACIFIC CORP. d/b/a Bruce Hardwood Floors and/or Bruce Hardwood Floors.

No. 3:94–0381.

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 7, 1996.

Morris Reid Estes, Jr., Nashville, TN, for plaintiffs.

Dianna Baker Shew, Nashville, TN, Edward Bograd, Charlotte, NC, Harold Naill Falls, Jr., Nashville, TN, for defendant.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 61) and Defendant's Motion to Strike Affidavit Testimony (Docket No. 75). For the reasons explained herein, Defendant's Motion for Summary Judgment (Docket No. 61) is DENIED; Defendant's Motion to Strike Affidavit Testimony (Docket No. 75) is DENIED; and this case is REFERRED to the Magistrate Judge for further customized case management.

Plaintiffs bring this action against Defendant, alleging employment discrimination on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Tennessee Human Rights Act ("THRA"), Tenn.Code Ann. § 4–21–101, et seq.

Defendant is a hardwood flooring manufacturer located, among other places, in Jackson, Tennessee, and Nashville, Tennessee. Plaintiffs are all former employees of Defendant who worked in either Jackson or Nashville. Plaintiffs allege that their employments with Defendant were terminated on the basis of their ages, in violation of the ADEA and the THRA.

1. The Court will apply the same *McDonnell Douglas* analysis in reviewing Plaintiffs' state law claims under the THRA. *Frizzell v. Southwest Motor Freight, Inc.,* 906 F.Supp. 441, 444 (E.D.Tenn.1995).

2. Plaintiffs assert that they have direct evidence of discrimination in this case, but the Court need not reach that issue, since Plaintiffs have otherwise established their prima facie cases.

## MOTION FOR SUMMARY JUDGMENT

Defendant asserts, in its Motion for Summary Judgment, that Plaintiffs cannot establish their prima facie cases of age discrimination, particularly that Plaintiffs have failed to establish that they were "qualified" for their positions and have failed to establish that they were replaced by persons outside the protected class.

In evaluating age discrimination claims, the Court applies the four-step "McDonnell Douglas Test." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Under this test,[1] to establish a prima facie case of age discrimination, in the absence of direct[2] evidence of discrimination, Plaintiffs bear the initial burden to prove that (1) they were at least forty years old at the time of the alleged discrimination; (2) they were subjected to adverse employment actions; (3) they were qualified for the positions; and (4) they were replaced by younger persons. *Cooley v. Carmike Cinemas, Inc.,* 25 F.3d 1325, 1329 (6th Cir.1994).[3] The Supreme Court recently eliminated the fourth element from this analysis, at least for age discrimination cases. *O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996).

The Supreme Court has stated that this initial burden "is not onerous." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Proof of all four criteria raises a presumption of age discrimination. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1160 (6th Cir.1990).

Once a plaintiff proves his prima facie case,[4] the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the plaintiff's discharge.

3. Courts have refused to use a rigid or mechanical application of this test. *See Blackwell v. Sun Elec. Corp.,* 696 F.2d 1176, 1179 (6th Cir.1983).

4. A plaintiff can also establish a prima facie case using statistical information, direct evidence of discrimination, and circumstantial evidence other than that which is used in the *McDonnell Douglas* criteria. *Blackwell v. Sun Elec. Corp.,* 696 F.2d 1176, 1180 (6th Cir.1983).

*Cooley,* 25 F.3d at 1329. The employer need not persuade the court that it was actually motivated by the proffered reasons. *Id.* The defendant must, however, clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact,* would support a finding that unlawful discrimination was not the cause of the employment action. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

The plaintiff always carries the burden of persuasion in a discrimination case, and once the defendant articulates a legitimate business reason, the presumption of discrimination drops from the case. *Kraus v. Sobel Corrugated Containers, Inc.,* 915 F.2d 227, 230 (6th Cir.1990).[5] If the defendant meets the burden of articulation, then the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the reason proffered by the defendant was not its true reason but merely a pretext for discrimination. *Cooley,* 25 F.3d at 1329.

Plaintiffs must have a full and fair opportunity to demonstrate that Defendant's proffered reason was pretextual, which merges with Plaintiffs' ultimate burden of proving intentional discrimination. *MacDonald v. Eastern Wyoming Mental Health Center,* 941 F.2d 1115, 1119 (10th Cir.1991). The ultimate issue is whether age was a determining factor in Defendant's decision to fire Plaintiffs. *Blackwell v. Sun Elec. Corp.,* 696 F.2d 1176, 1180 (6th Cir.1983).

Here, it is undisputed that Plaintiffs have established the first two elements of their discrimination claim under the *McDonnell Douglas* test. Defendant asserts, however, that Plaintiffs cannot establish that they were "qualified" for their positions. Defendant misunderstands the test for establishing the prima facie case.

In *MacDonald,* the trial court had required the Plaintiffs to disprove the reasons given for their discharge in order to establish a prima facie case. *MacDonald,* 941 F.2d at 1119. The Tenth Circuit Court of Appeals held that the employer's articulated reason for discharging the plaintiff could not be used to defeat the plaintiff's prima facie case, stating:

> Moreover, concluding that the MacDonalds did not establish a prima facie case based on the reasons for their discharge raises serious problems under the McDonnell Douglas analysis, which mandates a full and fair opportunity for a plaintiff to demonstrate pretext. Shortcircuiting the analysis at the prima facie stage frustrates a plaintiff's ability to establish that the defendant's proffered reasons were pretextual and/or that age was the determining factor; if a plaintiff's failure to overcome the reasons offered by the defendant for discharge defeats the plaintiff's prima facie case, the court is then not required to consider plaintiff's evidence on these critical issues.

*Id.*

The *MacDonald* court noted a "common thread" among various circuits to refuse to consider a defendant's proffered reasons for discharge in assessing the existence of a prima facie case. *Id.; see also Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1505 (5th Cir.1988) (placing a plaintiff's qualifications in issue at both the prima facie case and pretext stages is an unnecessary redundancy); *Siegel v. Alpha Wire Corp.,* 894 F.2d 50, 54 (3d Cir.1990), *cert. denied,* 496 U.S. 906, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990) (raising the reasons for the discharge goes to the issue of whether defendants have demonstrated a legitimate business reason for the discharge and whether plaintiff can demonstrate that the reason is pretextual, not to the initial question of whether plaintiff has made out a prima facie case); *Yarbrough v.*

---

5. The Supreme Court has stated: "In saying that the presumption drops from the case, we do not imply that the trier of fact no longer may consider evidence previously introduced by the plaintiff to establish a prima facie case. A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual." *Burdine,* 450 U.S. at 255, n. 10, 101 S.Ct. at 1095, n. 10.

*Tower Oldsmobile, Inc.,* 789 F.2d 508, 512 (7th Cir.1986) (explanation for discharge not appropriately brought as challenge to sufficiency of plaintiff's prima facie case).

The Sixth Circuit Court of Appeals addressed this issue in *Blackwell,* where it stated:

> We do not agree that the plaintiff failed to prove that he was qualified for the job. He had performed the job satisfactorily for several years. *Moreover, if we were to hold that a plaintiff's prima facie case fails if his qualifications are challenged by the defendant, we would effectively preclude age discrimination suits of this kind. Then, a defendant would always be able to challenge the plaintiff's qualifications for the job, and the issue would be taken away from the jury.*

*Blackwell,* 696 F.2d at 1181 (emphasis added).

■ A plaintiff may make out a prima facie case of discrimination by credible evidence that he continued to possess the objective qualifications he held when he was hired or by his own testimony that his work was satisfactory, even when disputed by his employer, or by evidence that he had held his position for a significant period of time. *MacDonald,* 941 F.2d at 1121.

■ A plaintiff challenging his termination or demotion can ordinarily establish a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action. *Bienkowski,* 851 F.2d at 1506. "By this we mean that plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired." *Id.* at n. 3.

Defendant cites *McDonald v. Union Camp Corp.,* 898 F.2d 1155, (6th Cir.1990) to argue that Plaintiffs must prove that they were "meeting [their] employer's legitimate expectations." *Id.* at 1161.[6] In *McDonald,* the court held that the plaintiff did not raise a material issue of fact on the question of the

quality of his work merely by challenging the judgment of his supervisors. *Id.* In *McDonald,* however, the plaintiff conceded that he was not performing to the employer's satisfaction. *Id.* There was no disputed issue of fact in that regard.

■ Here, on the other hand, Plaintiffs all vigorously deny that their work was unsatisfactory. To the contrary, they have come forward with proof of their qualifications and their years of experience, and they dispute the factual bases upon which Defendant's termination decisions were made.

In addition, requiring Plaintiffs to prove, at the prima facie stage of this litigation, that they met the employer's legitimate expectations would allow evidence from the Defendant at a stage in the analysis when the Court, as shown above, is to review only the Plaintiffs' proof.

Plaintiffs have adequately established the third element of their prima facie cases.

■ Defendant also asserts that Plaintiffs' prima facie cases fail because Plaintiffs cannot establish the fourth element, that they were replaced by persons outside the protected class. As noted above, this element has recently been eliminated from the *McDonnell Douglas* analysis, at least for age discrimination, by the Supreme Court. *O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996). Thus, whether Plaintiffs have established that they were replaced by persons outside the protected class in this case is irrelevant so long as they can show that they were fired because of their age. *Id.*

■ The Court finds that the Plaintiffs have established a prima facie case of age discrimination. "Nevertheless, a plaintiff who succeeds in establishing a prima facie case does not automatically survive a motion for summary judgment." *MacDonald,* 941 F.2d at 1121. The Court must proceed with the *McDonnell Douglas* analysis.

---

**6.** This test also has been challenged as inconsistent with *McDonnell Douglas* because it puts the plaintiff's qualifications at issue at both the pri-

ma facie and pretext stages of the analysis. *Bienkowski,* 851 F.2d at 1505.

Once Plaintiffs have established their prima facie cases, Defendant must come forward with evidence which, if taken as true, "would permit the conclusion that there were nondiscriminatory reasons for the adverse actions." *St. Mary's Honor Center*, 509 U.S. at 509, 113 S.Ct. at 2748. Defendant contends that each Plaintiff was terminated for performance-related reasons: poor performance, insubordination or failing to meet Defendant's reasonable expectations. The Court finds that Defendant has met its burden of production in this regard.[7] Defendant has articulated legitimate, business reasons for its decisions.

Because Defendant has succeeded in carrying its burden of production, the *McDonnell Douglas* framework, with its presumptions and burdens, is no longer relevant. *Id.* at 510–11, 113 S.Ct. at 2749. The Court must now look to whether Plaintiffs have shown that Defendant intentionally discriminated against them because of their age. *Id.* In other words, the Court must determine whether Plaintiffs have raised genuine issues of material fact as to the pretextual nature of Defendant's reasons.

Plaintiffs can prove pretext by showing that Defendant's reasons have no basis in fact or, if they have a basis in fact, by showing that they were not really factors motivating the discharges, or if they were factors, by showing that they were jointly insufficient to motivate the discharges. *Cooley*, 25 F.3d at 1329–30. This essentially amounts to a showing that the presumptively valid reasons for Plaintiffs' discharges were in fact a cover-up for discriminatory decisions. *McDonald*, 898 F.2d at 1160.

The Court finds that there are genuine issues of material fact, precluding summary judgment, with regard to the reasons for Plaintiffs' discharges and whether those reasons are pretextual. Plaintiffs have produced "sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1083 (6th Cir.1994). If the elements of a prima facie case are present, and there exists sufficient evidence for a reasonable jury to reject the defendant's proffered reasons for its actions, then the evidence is sufficient to allow the jury to determine whether intentional discrimination has occurred. *Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d 1104, 1109 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 355, 130 L.Ed.2d 310 (1994).

Whether age was a determining factor in the adverse action that the employer took against the plaintiff is a question of fact. *Kraus*, 915 F.2d at 229–30. When a case is at the summary judgment stage, the trial court should not resolve factual disputes by weighing conflicting evidence because it is the jury's role to assess the probative value of the evidence. *Id.* at 230.

When a defendant articulates a nondiscriminatory explanation, the legal presumption that would justify a judgment as a matter of law based on the plaintiff's prima facie case simply drops out of the picture and from that point on, whatever the persuasive effect of the defendant's production, the ultimate question of discrimination is for the finder of fact to decide. *Gaworski*, 17 F.3d at 1109. In *Gaworski*, the court found that the materially conflicting evidence raised a question of fact as to the *believability*, not the propriety, of the defendant's purported reasons for discharging the plaintiff. *Id.* at 1110.

A plaintiff may meet his burden of rebutting the defendant's articulated reason by the use of indirect evidence, i.e., by showing that the employer's proffered explanation is "unworthy of credence." *Kraus*, 915 F.2d at 231. The court in *Gaworski* found that the evidence was sufficient to allow a reasonable jury to conclude that the defendant's proffered reasons were "unworthy of credence." *Gaworski*, 17 F.3d at 1110. Here, the Court finds that Plaintiffs have at least created a factual issue on this question.

7. Determining whether a defendant has met its burden of production and rebutted any legal presumption of discrimination can involve no credibility assessment. *St. Mary's*, 509 U.S. at 508–10, 113 S.Ct. at 2748. "The burden-of-production determination necessarily *precedes* the credibility-assessment stage." *Id.* (emphasis in original).

Whether the evidence is sufficient to prove discrimination is up to the jury to decide.

Defendant asserts that Plaintiff Tines was fired for insubordination and poor work performance. There are questions of fact, for example, as to what "instructions," if any, Plaintiff Tines received about overlapping vacations. There are questions of fact with regard to the purpose and use of the lists Plaintiff Tines was required to keep for his supervisor. There is proof in this record that Plaintiff Tines' supervisor, Mr. Horner, had said Plaintiff Tines was too old for the job; that Plaintiff Tines is "not young and doesn't have any young ideas."

Defendant contends that Plaintiff White was fired for poor work performance and poor leadership skills. There are hotly disputed questions of fact, for example, about the nature of Plaintiff White's meeting with his supervisor, Mr. Price, in the fall of 1992. Defendant's personnel manager testified that there were no indications of poor job performance by Plaintiff White.

Defendant states that Plaintiff Ligon was fired for poor work performance. There are questions of fact, for example, concerning Plaintiff Ligon's decision not to terminate the employment of an employee named Bill Reeves. Defendant's personnel manager testified that there were no indications of poor job performance by Plaintiff Ligon.

Defendant's own personnel manager in the Nashville facility, Thomas Farmer, testified that he was aware of Defendant's preferences for hiring younger workers to replace older workers and tendency to get rid of older workers. Defendant, not surprisingly, denies this allegation.

■ It is not the role of the trial court to weigh the credibility of witnesses. "It is for the jury to determine who is telling the truth." *Mitroff v. Xomox Corp.*, 797 F.2d 271, 275 (6th Cir.1986).

For all these reasons, Defendant has failed to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, and Defendant's Motion for Summary Judgment (Docket No. 61) is DENIED.

## MOTION TO STRIKE AFFIDAVIT TESTIMONY

■ Defendant's Motion to Strike Affidavit Testimony (Docket No. 75) is likewise DENIED. The testimony offered by Plaintiffs to support their qualifications is relevant to their prima facie case and will not be stricken. Such testimony with regard to their qualifications and performance is also relevant to rebut Defendant's allegations that Plaintiffs were terminated for poor work performance, insubordination and poor leadership.

■ Defendant alleges that certain testimony should be stricken because it is not based upon personal knowledge and instead reflects personal belief. This Court disagrees. The Sixth Circuit Court of Appeals has permitted personal opinions in employment discrimination cases within the confines of the Federal Rules of Evidence. *Torres v. County of Oakland,* 758 F.2d 147 (6th Cir. 1985). Rule 701 provides that if a witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact and issue. Fed.R.Evid. 701. Thus, for example, a witness may testify in the form of an opinion as to his understanding of a defendant's statement. *See United States v. Graham,* 856 F.2d 756, 759 (6th Cir.1988), *cert. denied,* 489 U.S. 1022, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989).

■ In *Torres,* holding that the opinion testimony of a lay witness was admissible, the court noted that witnesses have been allowed to give opinions on whether another person subjectively believed that he would be shot by an aggressor and on whether an arrest was "motivated by racial prejudice." *Id.* at 149–50 (citations omitted). The requirement that a lay witness' opinion be rationally based on the perception of the witness merely requires that "the opinion or inference is one which a normal person would form on the basis of the observed facts." *Id.* at 149 (citation omitted).

The statements of Plaintiffs, Mr. White and Mr. Farmer as to what they believed was meant by certain remarks is simply that—what they believed was meant. The Court is able to discern that distinction and give that testimony whatever weight it deserves. The witnesses, having heard the remarks, make their assertions rationally based upon their own perceptions, and their testimony is helpful to the determination of facts and issues herein. Similarly, Mr. Green may testify based upon his own personal knowledge as a member of management with Defendant. His testimony is his own opinion, nothing more. It is admissible, and the Court determines the weight, if any, to give to it.

## CONCLUSION

For all these reasons, Defendant's Motion to Strike Affidavit Testimony (Docket No. 75) and Defendant's Motion for Summary Judgment (Docket No. 61) are DENIED, and this case is REFERRED to the Magistrate Judge for further customized case management.

It is so ORDERED.