Michaela A. GUDENKAUF, Plaintiff,

v.

STAUFFER COMMUNICATIONS, INC.,
a Delaware corporation, d/b/a Stauffer
Magazine Group, Defendant.

No. 94–4228–SAC.

United States District Court,
D. Kansas.

Aug. 30, 1996.

Amy C. Bixler, Alan G. Warner, Margaret A. Meiering, Warner, Bixler & Associates, L.L.C., Topeka, KS, for Plaintiff.

Michael W. Merriam, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court on the following motions: the plaintiff's motion for costs and attorney fees (Dk. 93); the defendant's motion for judgment as a matter of law (Dk. 94); and the defendant's motion to determine liability for statutory attorney's fees pursuant to Fed.R.Civ.P. 54(d)(2)(C) (Dk. 97). The latter two motions have been fully briefed and are ripe for decision.

## BACKGROUND

The plaintiff brought this employment discrimination action alleging the employer, Stauffer Communications, Inc. ("Stauffer") terminated her employment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2(a)(1), et seq.; on the basis of her pregnancy in violation of the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k), et seq.; and on the basis of her disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. The plaintiff also claimed that Stauffer denied her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq. The plaintiff also sued Stauffer and Christy Skinner for intentional infliction of emotional distress.

In its order filed February 8, 1996, the court dismissed the plaintiff's claim against both Stauffer and Christy Skinner for intentional infliction of emotional distress. (Dk. 63). In its order filed February 13, 1996, the court granted Stauffer's motion for summary judgment on the plaintiff's claims under the ADA and the FMLA and denied the motion on the PDA claim. (Dk. 64). The jury trial on the remaining PDA claim commenced June 24, 1996. After approximately three days of evidence and six hours of deliberations, the jury returned its verdict finding that the plaintiff's pregnancy was a motivating factor in the defendant's decision to terminate her but that the defendant would have still terminated her in the absence of the discriminatory motive. (Dks. 88, 91). The court entered judgment consistent with the verdict on July 1, 1996. (Dk. 92).

## MOTION FOR JUDGMENT AS A MATTER OF LAW (Dk. 94).

A court may grant a motion for judgment as a matter of law ("JMAL") only when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a)(1). The Tenth Circuit reads this rule to mean that "a court may grant the motion 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" Finley v. United States, 82 F.3d 966, 968 (10th Cir.1996) (quoting Q.E.R., Inc. v. Hickerson, 880 F.2d 1178, 1180 (10th Cir. 1989)). The court "must construe the evidence and inferences most favorably to the non-moving party, and refrain from weighing the evidence, passing on the credibility of witnesses, or substituting our judgment for that of the jury." Magnum Foods, Inc. v. Continental Cas. Co., 36 F.3d 1491, 1502 (10th Cir.1994) (citation omitted); see Harolds Stores, Inc. v. Dillard Department Stores, 82 F.3d 1533, 1546 (10th Cir.), petition for cert. filed, 65 U.S.L.W. 3110 (U.S. Aug. 5, 1996) (No. 96–195).

In its summary judgment motion, Stauffer did not contest the plaintiff's ability to prove a prima facie case of pregnancy discrimination. Instead, Stauffer said it fired the plaintiff for poor job performance and argued that the plaintiff was unable to prove pretext. In its JMAL motion, Stauffer again refers to the plaintiff's poor job performance but now argues that evidence of poor performance precludes the plaintiff from proving a prima facie case of discrimination. The defendant's current version of the same argument is also without merit.

In a Title VII wrongful termination claim, one of the elements to a prima facie case is that the plaintiff "was qualified and satisfactorily performing her job." Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1417 (10th Cir.1993). The Tenth Circuit,

however, has held that an employer's proffered reason for taking an adverse action is not be considered in assessing the sufficiency of the plaintiff's prima facie case. *Kenworthy v. Conoco, Inc.,* 979 F.2d 1462, 1470 (10th Cir.1992); *MacDonald v. Eastern Wyoming Mental Health Center,* 941 F.2d 1115, 1120 (10th Cir.1991). In *MacDonald,* the Tenth Circuit said:

> a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, . . ., or by her own testimony that her work was satisfactory, even when disputed by her employer, . . ., or by evidence that she had held her position for a significant period of time, . . . .

941 F.2d at 1121; *see also Mayo v. Dillard's Dept. Stores, Inc.,* 884 F.Supp. 417, 422 (D.Kan.1995).

█ Gudenkauf proved this element of her prima facie case not only by the fact that at the time of discharge she possessed the same skills and objective qualifications possessed at the time of hiring but also by her own testimony that her performance had been adequate. Stauffer's dissatisfaction with Gudenkauf is a proper issue for rebuttal of the plaintiff's prima facie case. *See Denison v. Swaco Geolograph Co.,* 941 F.2d 1416, 1421 (10th Cir.1991); *Mayo,* 884 F.Supp. at 423. Rather than pointing but one way, the evidence at trial concerning the plaintiff's performance was sharply conflicting and required the jury to assess the credibility of the different witnesses on this issue. The court is satisfied that there was a legally sufficient evidentiary basis from which the jury could find that the plaintiff's pregnancy was a motivating factor in Stauffer's decision to terminate her. The defendant's JMAL motion is denied.

## MOTION TO DETERMINE LIABILITY FOR STATUTORY ATTORNEYS' FEES PURSUANT TO Fed.R.Civ.P. 54(d)(2)(C) (Dk. 97).

█ By its motion, Stauffer challenges the plaintiff's right to an award of any attorneys' fees on the basis that the "[p]laintiff is not a prevailing party and therefore not entitled to any attorneys' fees or costs." (Dk. 98, ¶¶ 4, 5) Relying on a quartet of Supreme Court decisions addressing the definition of "prevailing party," Stauffer concludes that the plaintiff is disqualified from an attorneys' fees award because she did not receive any relief and because the judgment did not affect the legal relationship of the parties.

This argument ignores the plain wording of 42 U.S.C. § 2000e–5(g)(2)(B), which provides:

> On a claim in which an individual proves a violation under section 2000e–2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court—
>
> (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e–2(m) of this title; and
>
> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

This statute is one of the provisions passed by Congress as part of the 1991 Civil Rights Act. Unlike the existing attorney's fees provisions in the civil rights statutes, 42 U.S.C. § 2000e–5(k) or 42 U.S.C. § 1988(b), § 2000e–5(g)(2)(B) does not use or even refer to the term, "prevailing party." In 1991, Congress plainly intended to do more than draft a provision that would be redundant with § 2000e–5(k). Rather than limit an attorney's fee award to the same parties already entitled to recover fees under existing statutes, Congress drafted this new provision so as to define the circumstances under which "an individual," as opposed to a "prevailing party," could recover. Those circumstances are spelled out: (1) that the individual proves a motivating factor for the adverse employment action was race, color, religion, sex or national origin, and (2) that the respondent proves the same adverse action would have been taken absent the impermissible motivating factor. Consequently, it matters not whether the plaintiff is a "pre-

vailing party" as that term has been defined for purposes of 42 U.S.C. § 2000e–5(k) or 42 U.S.C. § 1988(b).

■ Alternatively, Stauffer argues the court in its discretion should award no attorney's fees under § 2000e–5(g)(2)(B). The statute appears to grant the judicial discretion to deny a fee request. It expressly provides that, "the court . . . may grant . . . attorney's fees." 42 U.S.C. § 2000e–5(g)(2)(B). Such language makes the decision to award fees a discretionary one. *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1335 (4th Cir.1996); *See Clay v. Board of Trustees of Neosho County Community College*, No. 94–2282–EEO, 1996 WL 370176 (D.Kan. June 19, 1996); *Snell v. Reno Hilton Resort*, 930 F.Supp. 1428, 1430–31 (D.Nev.1996).

The same discretionary language in § 2000e–5(k) has resulted in the rule that "a prevailing plaintiff 'ordinarily is to be awarded attorney's fees in all but special circumstances.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S.Ct. 1023, 1034, 127 L.Ed.2d 455 (1994) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978)); *see also Metz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482, 1492 (10th Cir.1994). Given that the plaintiff is eligible for an award of attorneys' fees under § 2000e–5(g)(2)(B), the issue is what special factors or circumstances exist that weigh against a fee award. According to the defendant, the plaintiff recovered nothing and received, at most, a nominal or "moral" victory from which she gained "absolutely nothing." (Dk. 98 at 5). The defendant also refers to the fact that the plaintiff rejected its settlement offers.

Relying on *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992),[1] the Sixth Circuit held that a court may not award fees under § 2000e–5(g)(2)(B) without considering "the relationship between the fees and the degree of the plaintiff's success." *Sheppard*, 88 F.3d at 1336 (citation omitted). The Sixth Circuit observed:

Section 2000e–5(g)(2)(B) does prohibit any recovery of damages, and so we agree with the trial court that simply comparing the extent of damage recovery with the attorney's fees would amount to an empty exercise. Nevertheless, if denial of fees would invariably render the statute "ineffective" and "practically meaningless," Congress would have written a mandatory provision requiring that attorney's fees be awarded in every case. That it did not do so suggests that Congress was wary of enacting legislation whose benefit inures primarily to lawyers in the form of a substantial fee recovery, even if relief to the plaintiff is otherwise trivial and the lawsuit promotes few public goals.

Factoring proportionality concerns into the analysis helps guard against this result. In appropriate cases, for instance, courts should consider the reasons why injunctive relief was or was not granted, or the extent and nature of any declaratory relief. Moreover, *Farrar*'s concern was not only with whether the extent of recovery accords with the amount of attorney's fees. The decision suggested a more general proportionality consideration as well: whether the public purposes served by resolving the dispute justifies the recovery of fees. (citation omitted).

Such an analysis should apply here. By definition, an illicit factor will have played some role in cases subject to § 2000e–5(g)(2)(B). *See* 42 U.S.C. § 2000e–2(m). But within that category of cases, there are large differences. Some mixed-motive

---

1. In *Farrar*, representatives of Farrar's estate brought a 42 U.S.C. § 1983 action to recover $17 million from Texas public officials for allegedly violating Farrar's constitutional rights in closing a school "for delinquent, disabled, and disturbed teens" that he and his son had operated. The jury found that one of the defendants had deprived the plaintiff of a civil right but that the plaintiff had not been damaged. By the direction of Fifth Circuit, the district court entered judgment against the defendant for nominal damages. The district court also awarded attorneys' fees. On appeal, the fee award was reversed on the basis that the plaintiff was not a prevailing party. The Supreme Court found that the plaintiff was a prevailing party but concluded that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, (citation omitted), the only reasonable fee is usually no fee at all." 506 U.S. at 115, 113 S.Ct. at 575.

cases will evidence a widespread or intolerable animus on the part of a defendant; others will illustrate primarily the plaintiff's unacceptable conduct which, by definition, will have justified the action taken by the defendant. The statute allows district courts to distinguish among cases that are in reality quite different.

88 F.3d at 1336.

The defendant misstates the facts in arguing that this case is similar to *Farrar* where the plaintiff only wanted *millions* but received nothing. As with all mixed motive verdicts under § 2000e–5(g)(2)(B), the plaintiff here did not recover any damages. It is also true that the plaintiff submitted to the jury claims of $40,500 for back and front pay, $450,000 in compensatory damages for pain, suffering, and emotional distress, and $2,000,000 in punitive damages. The plaintiff, however, could not have expected to recover these large sums, for the damage limitations in 42 U.S.C. § 1981a(b)(3) plainly would have barred the plaintiff from recovering anything over $90,500. Consequently, the court does not believe that this case was brought on the dream of becoming a millionaire.

At trial, there was evidence that the plaintiff wanted more than money from this litigation.[2] The record suggests that the plaintiff also brought this suit in the hope of bolstering her self-esteem and improving her employment record. The plaintiff testified that she considered this lawsuit as her first opportunity to tell Stauffer's management her version of the events in question. The plaintiff's mother testified that the plaintiff's self-esteem suffered from the termination and that this lawsuit hopefully would help the plaintiff in resolving these personal issues and moving forward with her life. The court is satisfied that the record indicates the plaintiff brought the suit in part to vindicate her belief that she had been unfairly treated because of her pregnancy, to prove to Stauffer's management that pregnancy discrimination had occurred, and to erase or to minimize a negative mark appearing early in her employment history. In these respects, the plaintiff's suit was successful. *Cf. Berry v. Stevinson Chevrolet,* 74 F.3d 980, 990 (10th Cir.1996). Quite simply, this case is one in which the plaintiff was partially successful, and not one in which the plaintiff personally gained nothing significant from the jury's verdict.

The court is convinced this case does not present the kind of special circumstances argued by the defendant which could justify denying recovery of any attorneys' fees under § 2000e–5(g)(2)(B). At the same time, the court believes the same circumstances and others deserve more consideration and discussion when it comes to deciding whether the plaintiff is entitled to recover *all* attorneys' fees and costs "demonstrated to be directly attributable only to the pursuit of" her PDA claim. The court reserves its determination on this matter until the parties have complied with D.Kan.Rule 54.2 and have fully briefed all matters relevant to an appropriate award of attorneys' fees.

IT IS THEREFORE ORDERED that the plaintiff's motion for costs and attorney fees (Dk. 93) is taken under advisement pending the parties' compliance with D.Kan.Rule 54.2 and their full briefing of all matters relevant to an appropriate award of attorneys' fees;

IT IS FURTHER ORDERED that the defendant's motion for judgment as a matter of law (Dk. 94) is denied;

IT IS FURTHER ORDERED that the defendant's motion to determine liability for statutory attorney's fees pursuant to Fed. R.Civ.P. 54(d)(2)(C) (Dk. 97) is granted insofar as the court finds that the plaintiff is entitled to recover attorneys' fees in an appropriate amount that will be determined later.

---

**2.** Injunctive relief is not appropriate here, because the plaintiff no longer works for Stauffer and her suit concerned only allegations of past acts of discrimination.