[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12787

_____

D. C. Docket No. 03-14386-CV-DMM

CYNTHIA JOHNSON, as legal guardian of
Javard Freeman, a minor,

Plaintiff-Appellee,

versus

FFE TRANSPORTATION SERVICES, INC.,
a foreign corporation,
TOMMY COLEMAN,
CONWELL CORPORATION,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2007)

Before BARKETT, KRAVITCH and STAHL,[*] Circuit Judges.

_____

[*] Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

PER CURIAM:

On July 22, 2002, Cynthia Johnson, the plaintiff in this action, and Javard Freeman, her minor ward, were traveling in a church bus on Florida's Turnpike, headed to Fort Pierce after an evening church service in Apopka. At some time after midnight, the bus was struck from behind by a tractor-trailer truck driven by co-defendant Tommy Coleman. Freeman was ejected from the bus and sustained serious injuries.

At the time of the accident, the church bus was traveling slowly, between 30 and 45 miles per hour, in the right lane of the turnpike. The bus had suffered a flat tire in one of its four rear wheels, and was headed for a service plaza several miles ahead in order to repair the tire. The tractor-trailer was traveling between 67 and 90 miles per hour.

Johnson brought a negligence action in St. Lucie County Court on behalf of Freeman against Coleman, FFE Transportation Services, Inc., Coleman's employer and the owner of the truck, and Conwell Corporation, the owner of the trailer. The defendants removed the action to federal court on the basis of diversity of citizenship. At trial, the defendants argued that the combination of the bus's slow speed, the difficulty of approximating closing distances at night, and the existence of a patch of fog on the road right before the point of impact meant that they were

2

not negligent, and the jury agreed. The plaintiff moved for a new trial, arguing, inter alia, that a verdict finding that the defendants were not even 1% negligent[1] was against the weight of the evidence. The district judge granted the motion and ordered a new trial. At the second trial, the jury found that the defendants were at least partially negligent, and awarded damages to the plaintiff. Defendants now appeal the grant of a new trial.

We review a district court's grant of a new trial for abuse of discretion. Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). "A judge should grant a motion for a new trial when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Id. (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984) (internal quotation marks and punctuation omitted)); see Rosenfield v. Wellington Leisure Prod. Inc., 827 F.2d 1493, 1497-98 (11th Cir. 1987) (using "great weight" formulation); United States v. Bucon Const. Co., 430 F.2d 420, 423 (5th Cir. 1970).[2] "Because it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary

---

[1] Florida apportions damages based on comparative negligence. Fla. Stat. § 768.81(3).

[2] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all former Fifth Circuit decisions issued prior to the close of business on October 1, 1981.

grounds unless, at a minimum, the verdict is against the great—not merely the greater —weight of the evidence.'" Lipphardt, 267 F.3d at 1186 (quoting Hewitt, 732 F.2d at 1556).[3]

In its opinion ordering a new trial, the district court explained its holding that a verdict finding the defendants 0% negligent was against the great weight of the evidence.[4] Taking the evidence most favorable to the defendants (which it was not required to do, see United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005)), the court found that Coleman would have observed the bus at 3540 feet ahead of him approximately 48 seconds before the bus entered the fog and could no longer be seen. For those 48 seconds, Coleman would have more than halved the distance between himself and the bus. That rapid closing of distance, over a

---

[3] Defendants argue for what they say is a tighter standard for motions for a new trial based on the weight of the evidence. They say that a new trial should not be granted as long as there is "some support" for the verdict. Def. Brief at 13. Two of the three cases they cite for this proposition, however, also state that the standard is whether the verdict is against the "great weight" of the evidence. See Rosenfield 827 F.2d at 1497-98; Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995). They have pointed to only one case that uses the "some support" language without the "great weight" or "clear weight" language. See Redd v. City of Phenix City, Ala., 934 F.2d 1211, 1215 (11th Cir. 1991). But that case relies on Rosenfeld, Hewitt, and other cases that use the "great weight" test. Id. We do not necessarily see a conflict in these two formulations, however, since the "some support" language can be read as just reformulating the point that the verdict must be against the great, not merely the greater, weight of the evidence (a test on which the district court explicitly relied). But even assuming that the "some support" test is more searching, we hold that that standard was met here.

[4] Under Florida's comparative negligence law, a court may grant a new trial if the percentages of fault found by the jury are against the manifest weight of the evidence. Rowlands v. Signal Const. Co., 549 So.2d 1380, 1383 (Fla. 1989).

4

relatively long period of time, the judge found, precluded the possibility that Coleman was not at least <u>somewhat</u> negligent, even if he was unable to see the bus for the five seconds he was in the fog before striking the bus.  In this, we see no abuse of discretion.

**AFFIRMED**.