[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10229
Non-Argument Calendar

_____

D. C. Docket No. 05-00904-CV-LSC

SHIRLEY A. TOLBERT,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY COMMISSION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 22, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Shirley A. Tolbert appeals the district court's denial of her motion for a new

trial in her employment discrimination lawsuit, filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. Tolbert, who was then a 61-year-old budget analyst, alleged that her former employer, Jefferson County Commission, violated the ADEA by disciplining and ultimately discharging her, despite her compliance with the County's policies. In this appeal, Tolbert argues that the district court abused its discretion by not granting her motion for a new trial because she presented evidence of age discrimination that was insufficiently or entirely unrebutted at trial by the County. Finding no abuse of discretion, we affirm.

## STANDARD OF REVIEW

We review a district court's denial of a motion for a new trial pursuant to FED. R. CIV. P. 59 for an abuse of discretion. *Lambert v. Fulton County*, 253 F.3d 588, 595 (11th Cir. 2001). Our broad deference is warranted because "the trial court[] [had] first-hand experience of the witnesses, their demeanor, and a context of the trial. This level of deference is particularly appropriate where a new trial is denied and the jury's verdict is left undisturbed." *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987) (citation omitted). "[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence." *Lipphardt v.*

2

*Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (citation and internal quotation marks omitted).

DISCUSSION

The district court did not abuse its discretion by denying Tolbert's motion for a new trial. The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "When a plaintiff alleges disparate treatment, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141, 120 S. Ct. 2097, 2105, 147 L. Ed. 2d 105 (2000) (citation and internal quotation marks omitted). "Although intermediate evidentiary burdens shift back and forth [when the plaintiff establishes a *prima facie* case of discrimination], '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Id.* at 143, 120 S. Ct. at 2106 (quoting *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981)) (alteration in original).

Tolbert argues that the district court abused its discretion by not granting her

3

motion for a new trial because her evidence of age discrimination was insufficiently or entirely unrebutted at trial by the County. Tolbert contends that the County's proffered reasons for discharging her were pretextual because she would have had to violate county policies to comply with her supervisor's instructions. She further contends that she would have been evaluated negatively if she had disobeyed those regulations. She points to her own trial testimony to establish the County's discriminatory animus.

The County responds that the district court did not abuse its discretion because the verdict was not against the great weight of the evidence. The County recognizes that Tolbert established a *prima facie* case of age discrimination. But the County notes that it met its burden of producing legitimate, non-discriminatory reasons for her dismissal, namely her non-compliance and unprofessional conduct. Thus, Tolbert bore the burden of persuading the jury that her discharge was the direct result of intentional age discrimination.

The County argues that the jury's verdict was not against the great weight of the evidence because Tolbert's only proof of intentional age discrimination was her own uncorroborated testimony. The County also notes that the jury observed the witnesses' demeanor, including Tolbert's unresponsive and elusive answers to questions posed at trial. Thus, the County argues that we should defer to the jury's

4

credibility determinations and weighing of the evidence.

We agree with the County. In reaching its verdict, the jury was free to weigh the evidence and make credibility determinations. All of Tolbert's evidence tending to establish discriminatory animus was contradicted by the testimony of several witnesses that tended to discredit her evidence. Therefore, the jury's verdict for the County was not against the great weight of the evidence, and the district court did not abuse its discretion by denying Tolbert's motion for a new trial.

**AFFIRMED.**