[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14972
Non-Argument Calendar

_____

D. C. Docket No. 06-00500-CV-2-SLB

PAMERLA C. QUICK,

Plaintiff-Appellant,

versus

BIRMINGHAM, CITY OF,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 25, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Pamerla C. Quick appeals the denial of her motion for a new trial

in her sex discrimination suit brought against the City of Birmingham, Alabama

(the City), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-2.  The jury found that Quick, a firefighter with the Birmingham Fire and

Rescue Service, was sexually harassed on the job, but that she had failed to prove

that the environment of harassment "was created or permitted" by a supervisor.

Quick argues on appeal that the jury's latter finding was against the great weight of

the evidence and that, therefore, the district court abused its discretion when it

denied her a new trial.

We review the denial of a motion for a new trial for abuse of discretion.

*Bianchi v. Roadway Express, Inc.*, 441 F.3d 1278, 1282 (11th Cir. 2006).  The

district court should grant a new trial only if "the verdict is against the clear weight

of the evidence . . . or will result in a miscarriage of justice."  *Hewitt v. B.F.

Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984) (alteration in original)

(internal quotation marks omitted).  "[N]ew trials should not be granted on

evidentiary grounds unless, at a minimum, the verdict is against the great—not

merely the greater—weight of the evidence."  *Id.* (internal quotation marks

omitted).  Where conflicting testimony is presented and the jury is called upon to

make credibility determinations and to weigh the evidence, we will uphold the

verdict as long as there is some support for the jury's decision.  *See Rosenfield v.*

*Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987).

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), forbids sex-based harassment of an employee. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). An employer may be held vicariously liable for workplace harassment under any of three different theories. *See id*. at 1278. First, when a supervisor with immediate or successively higher authority over the employee engages in harassment that includes an adverse employment action, the employer is held strictly liable. *Id.* Second, when such a supervisor engages in harassment that does not include an adverse employment action, the employer is held vicariously liable unless it is able to prove the "*Faragher/Ellerth*[1] affirmative defense." *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). Finally, when the perpetrator of the harassment is a coworker rather than a supervisor, the employer is only held vicariously liable if it had actual knowledge of the harassment, or constructive knowledge due to the severity and pervasiveness of the harassment, and failed to take prompt remedial action. *Miller*, 277 F.3d at 1278. The plaintiff bears the burden of proving the employer's liability. *See id.* at 1275.

---

[1] *Faragher v. Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998).

Here, the record demonstrates that the City presented testimony contradicting Quick's allegations that her supervisors made gender-biased comments and that they made job assignments based on her sex. It also presented testimony that it investigated her complaints of harassment by coworkers as it became aware of them. The jury was free to weigh the evidence and make credibility determinations in concluding whether the City adequately responded to incidents of coworker harassment and whether the supervisors' conduct contributed to the environment of sexual harassment.

Furthermore, although the City did not contest Quick's testimony that one supervisor saw her as a troublemaker and it conceded that there were no dedicated restrooms or locker rooms for women as there were for men, it presented evidence that the stations had been built years before the City began to hire female firefighters and that it gave the women access to private showers and bathrooms. The jury was not obligated to find persuasive Quick's characterizations of the supervisor's attitude as gender-biased or of the bathroom policy as fostering the incidents in which coworkers harassed her in the restroom and changing area.

Because the record provides some support for the jury's decision, the verdict is not against the great weight of the evidence and the district court did not abuse its discretion in denying Quick's motion for a new trial. For these reasons, we

4

affirm the judgment entered on the jury's verdict and the district court's order denying Quick's motion for a new trial.

**AFFIRMED.**