**Daniel Valderrabano TORRES,**
Plaintiff

v.

**ROCK & RIVER FOOD INC. d/b/a Marumi Sushi, and Teruhiko Iwasaki, Defendants**

**Civil Action No. 15–22882–Civ–Scola**

United States District Court,
S.D. Florida.

Signed February 7, 2017

---

Elizabeth Olivia Hueber, Mager & Paruas, Hollywood, FL, Allyson Morgado,

Joshua Howard Sheskin, Rivkah Fay Jaff, J.H. Zidell P.A., Julia M Garrett, Julia M. Garrett, P.A., K. David Kelly, Stephen Michael Fox, Jr., Jamie H. Zidell, Miami Beach, FL, for Plaintiff.

Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Defendants.

### Order Denying the Plaintiff's Motion for a New Trial

Robert N. Scola, Jr., United States District Judge

The Plaintiff, a sushi chef, sued the Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201–16, for unpaid overtime. A two-day trial was held beginning on August 23, 2016. On August 24, 2016, the jury returned a verdict in favor of the Defendants. The Plaintiff has moved for a new trial. (ECF No. 117.) The Court **denies** the motion.

█ Motions for a new trial are governed by Federal Rule of Civil Procedure 59(a), and may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). "Although a comprehensive list of the grounds for granting a new trial is elusive, the Supreme Court has held that a motion for a new trial may rest on the fact that 'the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" *Hurtado v. Raly Dev., Inc.*, No. 11–24476, 2013 WL 1786524, at *2 (S.D. Fla. Feb. 1, 2013) (Altonaga, J.) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)). "[W]hen considering a motion for new trial, the trial judge may weigh the evidence, but it is proper to grant the motion only if the verdict is against the great, not just the greater, weight of the evidence." *Ard v. Sw. Forest Indus.*, 849 F.2d 517, 520 (11th Cir. 1988). Moreover, the district court "should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

The Plaintiffs' motion for a new trial rests on three arguments: (1) that the evidence and testimony clearly showed that he was entitled to at least some unpaid overtime, (2) the Court erred in declining to give a requested jury instruction, and (3) the Court impermissibly allowed prejudicial evidence to impact the jury verdict. (*See* ECF No. 117 at 5, 9.) None of these argument provide the relief that the Plaintiff seeks.

█ First, the Plaintiff contends that the testimony of Defendant Teruhiko Iwasaki, one of the owners of the sushi restaurant, indisputably establishes that the Plaintiff is entitled to some unpaid overtime pay. Iwasaki testified that he has paid the Plaintiff approximately $550 per week, at $10 an hour plus overtime. The available time cards for the Plaintiff showed he worked anywhere from thirty-eight hours to fifty-nine hours per week. Thus, the Plaintiff argues that the simply math is "inescapable" and he should have prevailed at trial. (*See* ECF No. 117 at 6.) What the Plaintiff fails to address, however, was the limitations of Iwasaki's testimony and the other evidence presented at trial.

Iwasaki clearly stated that he only paid the Plaintiff on two occasions over a three-year period and that employee payment was normally handled by his business part-

ner, Tetsu Hayakaw. There was no evidence evinced at trial showing how many hours the Plaintiff worked on the two occasions he was paid by Iwasaki. Addressing the other evidence at trial, Hayakaw testified that while he could not remember the exact amounts he had paid the Plaintiff, he was always careful to pay the correct amount, including overtime. The Defendants also presented another employee, who had a similar position as the Plaintiff and was paid in a similar manner, who testified that he was always paid overtime. Furthermore, contradicting Iwasaki's testimony on which the Plaintiff so conclusively relies, the Plaintiff himself stated that he was paid up to $615 per week. Of course, this amount would still be insufficient for weeks in which the Plaintiff worked more than fifty-four hours, but the jury was free to weigh and credit the Plaintiff's testimony as it saw fit. The Plaintiff was impeached several times based on his prior deposition testimony. The Defendants further established that the Plaintiff always knew of his right to overtime, but never complained to the Defendants or sought unpaid overtime for three years. The jury was free to conclude that the Plaintiff never complained because the Plaintiff always received the correct amount of overtime. *See Rosenfield*, 827 F.2d at 1498 ("[T]here was conflicting testimony on the crucial issues in this case. The jury was called upon to make credibility determinations and to weigh the evidence. It was free to believe or disbelieve portions of testimony, and it could reasonably have chosen to believe plaintiff's evidence . . . ."). Accordingly, the Court finds that the jury's verdict was not against the great weight of the evidence.

■ Next, the Plaintiff argues that the jury was misled because the Court refused to give a requested jury instruction. *See Peer v. Lewis*, No. 06–60146, 2008 WL 2047978, at *7 (S.D. Fla. May 13, 2008) (Torres, Mag. J.) ("Erroneous and prejudicial jury instructions may be remedied through a Rule 59 motion for a new trial.") During the instructions conference, the Plaintiff requested that the Court instruct the jury that "[a]n individual employee's right for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee." (*See* ECF No. 85 at 24.) The requested instruction was based on a series of cases in which Courts found that the FLSA's provisions are mandatory and not subject to negotiation between an employer and employee. Thus, an employee cannot contract away his FLSA rights. *See Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 745, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 709–16, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Defendants objected to the instruction.

At the Court's questioning, the Plaintiff admitted that there was no contract in this case or any argument that the Plaintiff had waived his FLSA rights via contract. Instead, the Plaintiff argued that the Defendants had presented evidence that the Plaintiff had waived his FLSA rights by bringing a prior FLSA suit against another employer and being a serial FLSA plaintiff. The Court, however, prevented the Defendants from making such an argument at all stages of the proceedings. The Court rejected the serial plaintiff argument at summary judgment and determined on a motion in limine that the previous FLSA lawsuit could be used for impeachment or to show the Plaintiff's knowledge, but not to say that he somehow waived his rights. In fact, at the same instructions conference, the Court rejected the Defendants' requested instruction on the issue and removed any reference to

waiver from the verdict form. Consistent with the Court's rulings, the Defendants only used the prior lawsuit for impeachment, to show the Plaintiff's knowledge of his rights, and to argue that if the Plaintiff was truly underpaid, he would have complained during his three-year employment. The Defendants were never permitted and did not argue that the Plaintiff had waived his rights. Without a contract or any argument regarding waiver, the Plaintiff's requested instruction was inapplicable and would have only served to confuse the jury. *See Pesaplastic, C.A. v. Cincinnati Milacron, Co.*, 750 F.2d 1516, 1525 (11th Cir. 1985) (noting that a requested instruction must "deal[ ] with an issue which is properly before the jury").

■ Finally, the Plaintiff argues that the Court abused its discretion by admitting evidence of his prior FLSA suit. Once again, the Plaintiff relies on *Barrentine* and his waiver argument. The Plaintiff refuses to recognize that simply because evidence is inadmissible for one purpose does not mean that it is inadmissible for any purpose. As the Court explained on the motion in limine, "the information about the past suit may have probative value in some instances, for example, for the purposes of impeachment if the Plaintiff tries to say that he did not complain or file suit for three years because he did not know his rights." (ECF No. 73 at 2.) Although the Plaintiff asserts that the Plaintiff was misled on the stand and "confused" into admitting that he did not know of his FLSA rights, he cannot escape that he did make that statement and that the prior suit was used for impeachment and to show knowledge consistent with the Court's prior order. The Plaintiff has presented no evidence that the Defendants used the FLSA suit impermissibly before the jury.

Because the Court finds that the jury verdict was not against the great weight of the evidence, the Plaintiff's requested jury instruction was correctly rejected, and there was no error in permitting the evidence of the FLSA for the limited purpose of impeachment and to show knowledge, the Court **denies** the Plaintiff's motion for a new trial (ECF No. 117).

**Done and ordered** in chambers, at Miami, Florida on February 7, 2017.