[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10587

Non-Argument Calendar

_____

LEXIE HANDLEY,

                                        Plaintiff-Appellee,

*versus*

WERNER ENTERPRISES INC.,

                                        Defendant-Appellant,

ACE AMERICAN INSURANCE COMPANY,

                                        Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:20-cv-00235-WLS

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Werner Enterprises, Inc. (Werner) owned the tractor-trailer truck that Plaintiff-Appellee Lexie Handley collided with on September 20, 2019. After the jury unanimously entered a verdict in favor of Handley, Werner filed a Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a), Renewed Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b), and Motion for a New Trial under Federal Rule of Civil Procedure 59. The district court denied all three motions. Werner argues that Handley did not meet her burden of establishing negligence, the decision goes against the weight of the evidence, and that the district court improperly informed the jury that Werner had insurance. After a careful review of the record, we **AFFIRM**.

## I.     Background

On September 20, 2019, Handley collided with a tractor-trailer owned by Werner and driven by its employee, Joseph Krisak. After suffering severe injuries, Handley sued Werner and ACE American Insurance Company (ACE) for Georgia tort law claims in state court. The defendants removed the action to federal

court based on diversity jurisdiction. Handley's vicarious liability claim against Werner alleged that Krisak's negligent attempt to turn left on a five-lane highway caused the Werner tractor-trailer to stop in the left passing lane. Handley alleged that, but-for the stopped tractor-trailer, no accident would have occurred. Werner and ACE both moved for summary judgment. The court granted ACE's motion because ACE was an excess liability insurance carrier and therefore not a proper defendant for a direct action. However, the court denied Werner's motion, and Handley's claim against Werner proceeded to trial in May 2022.

At trial, Werner moved for judgment as a matter of law at the end of Handley's case, asserting that Handley had produced insufficient evidence to show a causal link between her injuries and Werner's alleged breach. The court did not grant or deny the motion but took it under advisement. At the close of all evidence, Werner again moved for judgment as a matter of law on the same grounds as the earlier Rule 50(a) motion. The district court indicated that it would reserve its decision on the motion and sent the case to the jury. The jury returned a unanimous verdict in favor of Handley and found $6,000,000 in damages. The jury apportioned the fault 60% to Werner and 40% to Handley.

After receiving the verdict, Werner's counsel noticed that the verdict form the jury received improperly named both Werner and ACE as defendants. The erroneous caption *only* appeared on the verdict form. Each set of jury instructions used the proper caption. Immediately, the court instructed the jurors to determine

whether their verdict was directed to Werner only or to Werner and ACE. After six minutes, the jury said Werner only. Werner's counsel moved for mistrial.

After the dismissing the jury, the district court did not formally enter the jury's verdict. The district court asked both parties for supplemental briefing. It is unclear whether the district court intended for this supplemental briefing to relate only to the motion for mistrial. On June 3, 2022, Werner submitted two separate supplemental briefs. One brief related to a motion for mistrial and included a footnote that the brief was not intended as the Rule 59 motion for a new trial. The other brief related to judgment as a matter of law under Rule 50(a) and included additional justifications beyond Werner's oral motions, such as the doctrine of "avoidable consequences." On June 10, 2022, Handley filed a single response brief, which only addressed the motion for a mistrial and did not cite any procedural rules.

On June 17, 2022, the district court denied mistrial and entered the jury's verdict. The order issued that day did not mention Rule 50. On July 15, 2022, Werner filed a renewed motion for judgment as a matter of law under Rule 50(b) or alternative Rule 59 motion for a new trial. [1] Handley's response mentioned both Rule 59 and Rule 50(b). Since the district court had never ruled on the Rule 50(a) motion, the district court reviewed and denied all three

---

[1] The district court appeared to use JMOL A and JMOL B to refer to Werner's first and second motions. Instead, we will use Rule 50(a) and Rule 50(b) to identify each motion.

motions—under Rule 50(a), Rule 50(b), and Rule 59—in its February 7, 2023, order. Werner timely appealed.

## II.     Standard of Review and Applicable Law

We review the district court's ruling on a motion for judgment as a matter of law de novo and apply the legal standard used by the district court. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). A motion for judgment as a matter of law may be granted when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). We use the same standard for reviewing motions for judgment as a matter of law under both Rule 50(a) and Rule 50(b). *McGinnis*, 817 F.3d at 1254. Renewed motions for judgment as a matter of law under Rule 50(b) must be made on the same grounds as the initial motions under Rule 50(a). *Id.* at 1260. We recognize the potential harshness of this rule and therefore use a liberal approach "when confronting grounds that are 'closely related' to those raised in an initial" motion for judgment as a matter of law. *Id.* at 1261. When determining if the verdict has sufficient supporting evidence, we "evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1560 (11th Cir. 1995).

We review a denial of a motion for a new trial for abuse of discretion. *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). A motion for a new trial should be granted when either "the verdict is against the clear weight of the

evidence or will result in a miscarriage of justice." *Id.* (quoting *Hewitt v. B.F. Goodrich, Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). A judge should only grant a new trial when "the verdict is against the great—not merely the greater—weight of the evidence." *Id.*

In a diversity case such as this, we apply the substantive law of the forum state, so we apply Georgia's substantive law here. *See Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. 2023).

## III.     Arguments on Appeal

Werner raises a few arguments on appeal. First, Werner argues that it is entitled to judgment as a matter of law either because Handley did not establish negligence or under the doctrine of avoidable consequences. Alternatively, Werner argues that it is entitled to a new trial. We will address each argument in turn.

### *a . Judgment as a Matter of Law*

First, Werner argues that Handley produced insufficient evidence for a reasonable jury to find for her on negligence. Under Georgia tort law, Handley bore the burden of proving that Werner (1) owed a duty to Handley; (2) Werner breached this duty; (3) this breach caused Handley's injury; and (4) Handley suffered damages. *See Heston v. Lilly*, 546 S.E.2d 816, 818 (Ga. Ct. App. 2001). Werner and Handley dispute causation.

Undoubtedly, the evidence about the accident is conflicting. Handley admitted a murky memory of the moments leading up to the crash. The police report assigned fault to Handley but listed the tractor-trailer as being in the left travel lane and lacked witness

statements.  The jury heard witness testimony from Albert Edmonds who consistently maintained that Krisak drove erratically and appeared lost on the day of the accident.  Krisak's trial testimony indicated that he was driving based on a map and verbal directions and was hit as he was changing lanes.  When all evidence is viewed in the light most favorable to Handley, the jury had sufficient evidence to reasonably reach its verdict.  The district court properly denied Werner's motion for judgment as a matter of law regarding negligence.

Second, Werner argues it should have received judgment as a matter of law under the doctrine of avoidable consequences.  Werner frequently conflates causation and avoidable consequences.  In Georgia, the doctrine of avoidable consequences is an affirmative defense, whereby "[t]he defendant has the burden of proving that the plaintiff by ordinary care could have avoided the consequences caused by the defendant's negligence." *Reed v. Carolina Cas. Ins. Co.*, 762 S.E.2d 90, 94 (Ga. Ct. App. 2014).  Avoidable consequences is an incomplete defense.  O.C.G.A § 51-11-7.

Handley argues that we should not consider Werner's argument about avoidable consequences because Werner first used the phrase in its supplemental briefs—not in its oral Rule 50(a) motions.  Werner's oral motions for judgment as a matter of law focused exclusively on *causation*.  Handley alleges that the supplemental briefing was not related to the Rule 50(a) motions, which means that there was no mention of "avoidable consequences" to renew in a Rule 50(b) motion.  We do not need to determine which

motion the supplemental briefing related to because, either way, Werner did not meet its burden of showing the affirmative defense of avoidable consequences applies.

As the defendant, Werner bore the burden of proof regarding avoidable consequences. We consider granting judgment as a matter of law in favor of a party bearing the burden of proof an "extreme step" which "can be done only when the evidence favoring the claimant is so one-sided as to be of overwhelming effect." *United States EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1250 (11th Cir. 1997). Werner uses the phrase "avoidable consequences" but never states or proves the elements of the affirmative defense. Werner's brief also repeatedly refers to Handley's statement about taking her eyes off the road for five seconds prior to the accident. This is not enough, especially on an issue for which Werner bears the burden of proof. The district court properly denied Werner's renewed motion for judgment as a matter of law regarding avoidable consequences.

### *b .     New Trial*

Werner argues that the district court should have granted its motion for a new trial. First, Werner asserts that inadvertently including ACE in the verdict form's caption should automatically necessitate a new trial. Werner cites language that states "[i]n an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial." *Cent. of Ga. R.R. Co. v. Wooten*, 295 S.E.2d 369, 372 (Ga. Ct. App. 1982)

(quoting *City Council of Augusta v. Lee*, 264 S.E.2d 683, 687 (Ga/ Ct. App. 1980)).  Other Georgia cases have interpreted this as permissive not mandatory.  *Denton v. Con-Way S. Express*, 402 S.E.2d 269, 270 (Ga. 1991), *disapproved of on other grounds by Grissom v. Gleason*, 418 S.E.2d 27 (Ga. 1992) ("[A] litigant's insurance policy is not only inadmissible, it can be the ground for a mistrial.").  Generally, these cases involve evidence of a party having insurance being considered by the jury.  A case caption is not evidence.

We have previously reviewed a scrivener's error on a verdict form in combination with correct information on jury instructions for plain error.  *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1330–31 (11th Cir. 1999).  Since the jury instructions in *Farley* used the proper terminology, reading the verdict form "in conjunction with the comprehensive and correct jury instruction" made the error harmless.  *Id.* at 1331.  Here, reading the erroneous case caption in conjunction with the correct case caption on the jury instructions—especially with proper party names given in oral jury instructions and throughout the four-day trial—clarified the proper parties in this case.

Further, we presume that juries follow the instructions they receive.  *Evans v. Michigan*, 568 U.S. 313, 328 (2013).  Here, the jury received instructions to *not* consider insurance during deliberations.  Later, the error on the verdict form was pointed out immediately after the jury returned its verdict.  When the court told the jury to review whether its verdict applied to only Werner or both Werner and ACE, it returned to say only Werner within six

minutes.  The erroneous caption is at most harmless error.  Thus, the district court did not abuse its discretion in denying Werner's motion for a new trial based on the erroneous caption.[2]

Second, Werner argues in the alternative that it is entitled to a new trial under Rule 59.  Motions for new trials under Rule 59 will only be granted when the verdict was "against the clear weight of the evidence or will result in a miscarriage of justice." *Lipphardt*, 267 F.3d at 1186 (quoting *Hewitt*, 732 F.2d at 1556).

The underlying verdict is neither against the clear weight of the evidence nor a miscarriage of justice.  To argue about the weight of evidence, Werner cites *Johnson v. FFE Transportation Services Inc.*, 227 F. App'x 780 (11th Cir. 2007), a rear end collision case.  But the similarities end there.  The jury in *Johnson* found the defendant 0% at fault and the plaintiff 100% at fault.  *Id.* at 782.  In contrast, the jury here allocated 60% of the fault to Werner and 40% of the fault to Handley.  Completely assigning fault to the plaintiff in *Johnson* was against the clear weight of the evidence in that case, but the split allocation of fault here is not clearly wrong.  Overall, the record does not indicate that the decision is against the great weight of the evidence or results in a miscarriage of justice.

---

[2] Werner's assertion that the erroneous case caption exposed the jury to the existence of an insurance contract seems undermined by Werner's own Exhibit A: the police report from the accident.  Werner prepared Exhibit A and redacted the drivers' dates of birth and Krisak's telephone number.  Werner did *not* redact any information about insurance.  Instead, Werner left the lines listing ACE as the insurance company and policy number visible to members of the jury.

Therefore, the district court did not abuse its discretion in denying a new trial to Werner under Rule 59.

## IV.    Conclusion

For the reasons discussed above, we affirm the district court's denial of Werner's motions for judgment as a matter of law under Rule 50 and motion for a new trial under Rule 59.

**AFFIRMED**.